[No. 75. Decided October 28, 1890.]

JOHN LINBECK v. THE STATE OF WASHINGTON.

BURGLARY — INFORMATION — INSTRUCTIONS — CHARGING JURY IN DEFENDANT'S ABSENCE.

An information which charges that the defendant in the nighttime did unlawfully break and unlawfully enter the dwelling-house of another . . . " with an intent then and there to commit a misdemeanor therein," is sufficient as charging the crime of burglary, as, under § 828 (Code Wash. T.) the burden of showing with what intent he entered the house is cast upon the defendant. (ANDERS, C. J., dissents.)

Where the defendant in a prosecution for burglary was not sworn as a witness in his own behalf, it was error for the court not to instruct the jury that from such fact no inference of guilt should be drawn against the defendant; and the fact that the defendant remained silent does not amount to a waiver of such right.

It is error for the court in a criminal case, upon the request of the jury but in the absence of the defendant, to repeat to the jury certain of the instructions given and orally explain the meaning thereof, although the defendant's attorney was present and made no objection.

*Error to Superior Court, Chehalis County.*

The facts are fully stated in the opinion.

*Austin E. Griffiths,* for plaintiff in error.

*George J. Moody,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

HOYT, J.—This action was commenced in the superior court of Chehalis county by the filing of an information therein in substance as follows:

"George J. Moody, prosecuting attorney of the State of Washington for the district comprising the counties of Wahkiakum, Chehalis and Pacific, in said state, on oath accuse John Linbeck by this information of the crime of burglary, committed as follows, to wit: The said John Linbeck, on the 28th day of February, A. D. one thousand eight hundred and ninety, and within one year next preceding the date hereof, in the county of Chehalis, aforesaid, in the State of Washington, did then and there in the night time of said day, unlawfully break and unlawfully enter the dwelling house of one James Arland, there situated, with the intent then and there to commit a misdemeanor therein, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Washington."

Defendant pleaded thereto "not guilty." Trial was had, a verdict of guilty rendered, and judgment and sentence imposed. Whereupon defendant has brought the case to this court for review.

The first ground of reversal relied upon is, that the information does not state facts constituting a public offense. The contention in this regard being, that it is not only necessary to charge that the entering was with an intent to commit a misdemeanor, but that the particular misdemeanor which he intended to commit must be set out. This contention is borne out by numerous authorities which the diligence of counsel has gathered for the information of

22—1 WASH.

this court; and we believe it to be the law in most of the states, and that it would clearly be the law here were it not for § 828 of our code. Said section is as follows: "Sec. 828. Every person who shall be guilty of any such unlawful entry or unlawful breaking and entry as described in the next preceding section, shall be deemed to have made such entry or breaking and entry with intent to commit a misdemeanor or a felony, unless such entry or breaking and entry shall be explained by testimony satisfactory to the jury trying the case to have been made for some purpose without criminal intent;" and by virtue of its provisions the prosecution is no longer compelled to prove with what intent the defendant enters, but on the contrary, the unlawful entering having been proved, the intent to commit a crime or misdemeanor is presumed; and this being so, we are unable to see how the accuracy required before such section was enacted can now aid the defendant. The burden of showing the intent with which he entered is, by said section, cast upon him, and he can show such an intent to have been an innocent one as well without the details as to his specific intent as with it. Aided by the section above quoted the information was sufficient.

The defendant was not sworn as a witness in his own behalf, and the court failed to instruct the jury as required by statute that from such fact no inference of guilt should be drawn. We think this was error. The statute in question makes it the duty of the court to give such instruction, irrespective of the action of the defendant in relation thereto, and while we do not now hold that the right to have this instruction given may not be waived by some express act of the defendant to that end, we do hold that the simple fact that he remained silent did not amount to such waiver.

The court, upon the request of the jury, and in the absence of the defendant (he being then confined in jail), repeated certain of the instructions which he had given to

the jury, and orally explained the meaning thereof, and we think this was error. And we do not think this error was cured by the fact that defendant's attorney was present and made no objection. Some other errors are founded upon the manner in which the instructions were given. But as these errors, if errors they were, are not likely to occur on a retrial of the cause, we do not think it necessary to discuss them.

The judgment and sentence of the lower court must be reversed and a new trial granted; and it will be so ordered.

SCOTT and STILES, JJ., concur.

DUNBAR, J., not sitting.

ANDERS, C. J.—I fully concur in the opinion of my associates that the judgment of the court below, in this case, should be reversed; but I am unable to concede that the information is sufficient to sustain the judgment pronounced against the defendant.

The substance of our statute defining burglary is as follows: "Every person who shall unlawfully enter in the night time, or shall unlawfully break or enter in the day time, any dwelling house    .    .    .    within the body of any county, with intent to commit a misdemeanor or a felony, shall be deemed guilty of burglary." And it will be observed that the only difference, so far as the interest of the party charged is concerned, between the definition of the crime as above set forth and that at common law, is, that the former makes it burglary to enter or break a house with intent to commit a misdemeanor as well as a felony. Now the word misdemeanor comprehends and includes, in this state, all crimes not punishable by imprisonment in the penitentiary. It specifies no particular crime, but a class of crimes. And to charge one with having intended to commit a misdemeanor is simply to charge him with having intended some one of the many offenses included in the term, without specifying which, and without

stating any facts from which any particular intent can even be inferred. At common law no indictment for burglary was sufficient which failed to state the facts necessary to show the particular felony intended to be committed, and the same rule should obtain under our statute. The defendant in this' case had a right to be informed of the very nature and cause of the accusation against him, and not to be left wholly in the dark as to the particular facts he would be called upon to meet at the trial.

And it seems to me that this information does not state any fact whatever, as to his intent, but only a conclusion of law. Under our statute, which has gone, perhaps, as far as any in eliminating and discarding the useless forms and technicalities found in common law indictments, the indictment or information must still be direct and certain as to the particular facts and circumstances constituting the crime charged; and these facts and circumstances must be clearly and distinctly set forth in ordinary and concise language, so that a person of ordinary understanding may know what is intended. Tested by this rule, this information is radically deficient. Nor am I able to understand how § 828 of the code can, in any way, supply the want of allegations in the information which would otherwise be necessary. It only purports to change or modify the rules of evidence, and not those of pleading. But in that respect it certainly goes to the very verge of legislative power, if not beyond it. It not only overrides the presumption of innocence, which has hitherto been supposed to accompany the defendant through every stage of the trial, but it may also, under certain circumstances, completely nullify that provision of the statute which requires the trial judge to charge the jury not to draw any inference of guilt from the fact that the defendant may have failed or refused to testify in his own behalf. The court below neglected to so charge the jury, and that was one of the grounds on which the judgment was reversed. Of what avail could such a charge

have been to the defendant, if he was "deemed" guilty because he did not testify, or show to the "satisfaction of the jury that he entered the house for a lawful purpose?"