[No. 2276. Decided November 27, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM WROTH, *Appellant*.

MISCONDUCT OF .JUDGE — HOW SHOWN — RECORD ON. APPEAL.

The minutes of the clerk of the superior court and affidavits will not be received or considered by the supreme court for the purpose of showing the alleged misconduct of the trial judge, but the facts must be accepted as certified by the judge in the statement of facts settled by him.

The action of the trial court in leaving the bench and entering the jury room, at the request of that body while in consultation, is such misconduct as to warrant a reversal.

Appeal from Superior Court, Snohomish County.— Hon. J. C. DENNEY, Judge. Reversed.

*Melvin G. Winstock, Allen & Headlee,* and *Frank B. Ingersoll,* for appellant.

*J. W. Heffner,* Prosecuting Attorney, and *Arthur W. Hawks,* for The State.

The opinion of the court was delivered by

GORDON, J.—Appellant was charged, in an information filed by the prosecuting attorney of Snohomish county, with the crime of murder in the first degree. He was found guilty of manslaughter and sentenced to imprisonment in the penitentiary for the period of ten years. Having moved for a new trial his motion was denied and he has appealed.

Upon the oral presentation of this cause, counsel for the appellant waived all assignments of error save one, which relates to the alleged misconduct of the presiding judge. Counsel for the appellant have sought to show, by affidavit and by purported minutes of the clerk of the superior court, that, after the trial had closed and the jury had retired for deliberation, they requested to see the judge, and thereupon the judge left the bench and went into the jury room and closed the door, and thereafter returning to the court room stated to counsel for the prosecution and defense that the jury desired to be further instructed upon the subject of reasonable doubt.

The affidavits and minutes cannot be received or considered by this court for the purpose of showing what occurred below. The lower court declined to certify to the facts as claimed by the appellant, but certified an amended bill prepared by counsel for the state, and the bill so certified must be accepted by this court. It is therein stated that at the close of the argument,—

" The jury were duly and regularly instructed by

the court and retired to deliberate on their verdict in charge of the officer of the court, and soon thereafter the jury, through their bailiff, requested to see the judge, and the said judge, being the same judge who tried the cause, went to the jury room and stood in the doorway with the door to said jury room partly opened; that thereafter the said judge returned and informed the counsel for the defendant and state that the jury, through its foreman, had requested that the said judge repeat to them the instruction given on reasonable doubt."

It is contended by the appellant's counsel that this constituted such misconduct on the part of the trial judge as requires a reversal, and we think the contention must be sustained. In the discharge of his official duty the place for the judge is on the bench. As to him the law has closed the portals of the jury room and he may not enter. The appellant was not obliged to follow the judge to the jury room in order to protect his legal rights, or to see that the jury was not influenced by the presence of the judge; and the state cannot be permitted to show what occurred between the judge and the jury at a place where the judge had no right to be, and in regard to which no official record could be made.

But learned counsel for the state insist that the judge said nothing to the jury, and hence his conduct could not have been prejudicial to the defendant. But the law does not subject parties litigant to the disadvantage of being required to accept the statement of even the judge as to what occurs between himself and the jury at a place where the judge has no right to be and where litigants cannot be required to attend. It is the lawful right of a party to have his cause tried in open court, with opportunity to be present and heard in respect to everything transacted. It is his right to

be present and attended by counsel whenever it is found necessary or desirable for the court to commucate with the jury, and he is not required to depend upon the memory or sense of fairness of the judge as to what occurs between the judge and jury at any time or place, when he has no lawful right to be present. His right in this respect goes to the very substance of trial by jury.

Aside from the rights of the parties, public policy will not sanction any departure from the rule which requires that all such communications shall be public and in the presence of the parties or their counsel.

In *Sargent v. Roberts*, 1 Pick. 337 (11 Am. Dec. 185), a communication from the judge to the jury which was in writing and filed so that there could be no question of its terms, and which was unobjectionable in substance, was yet, because of its being made out of court and in the absence of the parties, held improper and illegal, and the reasons were thus stated by Chief Justice PARKER:

"No communication whatever ought to take place between the judge and the jury, after the cause has been committed to them by the charge of the judge, unless in open court. . . . The only sure way to prevent all jealousies and suspicions is to consider the judge as having no control whatever over the case, except in open court in presence of the parties and their counsel. The public interest requires that litigating parties should have nothing to complain of or suspect in the administration of justice, and the convenience of jurors is of small consideration compared with this great object. . . . It is better that everybody should suffer inconvenience, than that a practice should be continued which is capable of abuse, or at least of being the ground of uneasiness and jealousy."

In *Taylor v. Betsford*, 13 Johns. 487, the judge went into the jury room with the jury at their request to ans-

wer certain questions proposed by the jury. Of this conduct the court say:

" Whether the information given by the justice were material, or had any influence upon the verdict of, the jury, *is a matter which we will not inquire into.*"

A like conclusion was reached by the court of appeals in *Watertown Bank v. Mix*, 51 N. Y. 558.

In *Read v. Cambridge*, 124 Mass. 567 (26 Am. Rep. 690), a like conclusion was reached, the court saying that "*the court will not inquire whether the communication was in fact erroneous or prejudicial.*"

The judgment will be reversed and a new trial awarded.

SCOTT, ANDERS, and DUNBAR, JJ., concur.

HOYT, C. J., dissents.