[No. 19256. Department One. August 26, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. LEE WAITE
et al., *Appellants*.[1]

APPEAL (386)—REVIEW—WAIVER OF ERROR—EFFECT OF STIPULA-
TION. A case can not be reversed or affirmed merely because the
attorneys have stipulated that there was or was not error in the
record.

CRIMINAL LAW (326)—TRIAL—DELIBERATIONS OF JURY—MISCON-
DUCT OF OTHERS—JUDGE ENTERING JURY ROOM. It is reversible error
for the trial judge to enter the jury room where the jury is in
deliberation, even though he merely answered a request of the jury.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered December 5, 1924,
upon a trial and conviction of robbery. Reversed.

*Henry Clay Agnew,* for appellants.

*Ewing D. Colvin* and *John J. Dunn,* for respondent.

BRIDGES, J.—The defendants have appealed from a
sentence of from five to ten years in the penitentiary,
such sentence being based upon a verdict of guilty of
attempted robbery.

It appears that, while the jury was deliberating up-
on its verdict, it sent to the bailiff a note reading as
follows:

"In addition to our verdict, may we make any recom-
mendations?"

The judge thereupon went to the jury room, opened
the door and entered, or partly entered, the room where
the jury was, spoke to the jury briefly and then left
them, closing the door behind him. Appellants did not
consent to the court so doing. The judge certifies that
all he told the jury was that they might make any
recommendations they wished. This action of the judge

[1]Reported in 238 Pac. 617.

is made one of the grounds for a new trial. The trial court denied the new trial and this appeal resulted.

Since the case came to this court, the attorney for the appellants and the prosecuting attorney entered into a stipulation to the effect that the conduct of the trial court was prejudicial and reversible error, and we are asked to reverse the case and remand it for a new trial.

The attorneys, of course, know that we cannot affirm or reverse a case simply because it is stipulated that there is or is not error in the record. The stipulation was doubtless meant to merely show that the prosecuting attorney agreed that the conduct of the court amounted to error. We have, however, examined into the error alleged and find that it is necessary, because thereof, to reverse the case.

In 16 R. C. L., page 298, it is said:

"In numerous cases it is held that private conversations of the judge and the jury are not only improper, but that they constitute misconduct for which the judgment will be reversed, without reference to the question whether such misconduct affected the verdict, inasmuch as injury in such cases will be presumed; and authority is not wanting to the effect that this presumption is conclusive. Even where a trial judge enters the jury room at the request of the jurors, after they have retired to deliberate on their verdict, and communicates or converses with the jury in reference to the case, in the absence of the attorneys, the verdict will not be permitted to stand, and regardless of whether such conversation was prejudicial."

This text is fully supported by the case of *State v. Wroth*, 15 Wash. 621, 47 Pac. 106, where the facts were very similar to those involved here.

For the reasons given, the judgment is reversed and the cause remanded with directions to grant a new trial.

TOLMAN, C. J., PARKER, MACKINTOSH, and ASKREN, JJ., concur.