[No. 28343. Department One. July 15, 1941.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES COLSON, *Appellant*.[1]

*Vanderveer, Bassett & Geisness,* for appellant.

*P. A. Davidson* and *F. A. Kern,* for respondent.

MAIN, J.—The defendant was charged, by information, with the crime of carnally knowing a female child under the age of fifteen years. The trial resulted in a

[1] Reported in 115 P. (2d) 677.

verdict of guilty. The defendant moved for a new trial on a number of grounds, one of which was claimed misconduct of the court while the jury were deliberating upon their verdict. The motion for new trial was overruled, and from the judgment and sentence the defendant appealed.

While the motion for a new trial was based upon a number of grounds, the only question stressed upon the appeal was whether the court, during the deliberation of the jury, was guilty of misconduct. The case was submitted to the jury sometime during the afternoon, and during the evening it is claimed that the court was guilty of misconduct or irregularity in communicating with the jury in the absence of the appellant and his counsel. As to what happened during that evening, the court, in its memorandum opinion, made this statement:

"The Court knows and remembers these facts. While the jury was deliberating upon its verdict and until they returned into open Court in the presence of the defendant and his attorney the Court was not near the jury room and did not see or talk with any juror. The defendant does not so claim. The bailiff informed the Court that the jury wished to know if it could have an almanac, and the Court's answer to the bailiff was 'no'. According to the affidavits, that answer was communicated by the bailiff to the jury.

"At another time the bailiff informed the court that the jury wished to know if it could have certain testimony read to it and the Court's answer to the bailiff was 'No'. According to the affidavits that answer was communicated by the bailiff to the jury.

"Later the jury handed to the bailiff a written question—if the jury could recommend leniency. The Court wrote on the same paper the statement that he could not answer that question, handed it to the bailiff and the affidavits show that that answer was conveyed either orally or by delivery of that paper to the jury.

"All the Court did in each of the instances was to

deny the request of the jury. No information other than that was conveyed to the jury."

Certain of the jurors made affidavits as to what occurred during the evening, but these do not materially differ from the statement made by the court.

It is the constitutional right of the accused, in a criminal prosecution, to appear and defend in person and by counsel (Const., Art. I, §§ 10 and 22); and by statute (Rem. Rev. Stat., § 2145 [P. C. § 9372]), it is provided that no person prosecuted for an offense punishable by death, or by confinement in the penitentiary or in the county jail, shall be tried unless personally present during the trial.

The appellant contends that he did not have the kind of a trial guaranteed to him by the constitution and the statute. It has been held by this court that, where the court, during the deliberations of the jury, gives them additional instructions in the absence of the defendant and his counsel, this is error, and prejudice will be conclusively presumed. *Linbeck v. State*, 1 Wash. 336, 25 Pac. 452; *State v. Shutzler*, 82 Wash. 365, 144 Pac. 284. It has also been held that it is error, and prejudicial, for the court, during the deliberations of the jury, to enter, or partly enter, the jury room. *State v. Wroth*, 15 Wash. 621, 47 Pac. 106; *State v. Waite*, 135 Wash. 667, 238 Pac. 617. We are of the opinion that the cases cited are not controlling here.

As appears from the court's statement, it did nothing more, when the bailiff informed it of the questions asked by the jury, than to answer them in the negative. As to the first and the second questions, the court simply said, "No," and this answer was communicated to the jury. As to the third, with reference to whether the jury had a right to recommend leniency, the court merely wrote on the note the jury sent it

that it could not answer that question. By this, of course, the court did not mean that it did not know the answer, but that it would be improper for it to make any statement to the jury with reference thereto. However, the jury did attach a slip to the verdict, in which they recommended leniency.

It will be observed that all of the answers the court made were negative in character, as above stated, and that no affirmative information was conveyed to them. It may be that, in certain instances, a negative answer may convey an affirmative thought, but, if so, the answers of the court in this case would not have that effect.

In the case of *Joski v. Short*, 1 Wn. (2d) 454, 96 P. (2d) 483, after the jury retired and were deliberating upon their verdict, the foreman thereof inquired of the bailiff whether the court could change the verdict of the jury, and the bailiff replied, " 'Yes, but just a moment, I will see the judge'." Within a few minutes the bailiff returned, and said: " 'No, it is for the jury to fix the verdict'." It was there held that, even though this was irregular, it was not prejudicial error. It is true that that was a civil case, and, after pointing this out in the opinion, it was observed that the difference between that case and a criminal case "may not be very substantial." There, the court gave the jury, through the bailiff, an affirmative reply, which was tantamount to an additional instruction, even though it was very brief.

In the case of *Compton v. Jennings Lumber Co.*, 295 S. W. (Tex. Civ. App.) 308, with reference to a negative answer to an inquiry of the jury during their deliberations, it was said:

"We believe that the answer of the court to the question of the jury amounted to no more than a refusal to communicate any information to them. We rec-

ognize the importance of the provisions of the statutes and of the wisdom of the decision of our Supreme Court in the case of *Texas Midland Ry. Co. v. Byrd*, 102 Tex. 263, 115 S. W. 1164, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137, yet we do not think the transaction complained of in this bill comes under the condemnation of the statute."

When the inquiries were made by the jury, the court could not very well refuse to make any reply and thus ignore the jury entirely. The appellant argues that, when the inquiries were made, the jury should have been called into the courtroom, the defendant brought in, and his counsel notified. It is said that this would have given the defendant's counsel an opportunity to argue to the court that the almanac was admissible, and that the jury should have had the testimony read to them. Such a procedure would have been impractical and confusing, even though it be admitted that, so far as the reading of the testimony was concerned, the court might have permitted it, in the exercise of its discretion.

In making the answers to the questions, it appears to us that the court was meticulously careful. Our conclusion is that there was no prejudicial error.

The judgment will be affirmed.

MILLARD, STEINERT, BLAKE, and DRIVER, JJ., concur.