Hoyt BADGWELL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13907.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1966.

Rehearing Denied Oct. 3, 1966.

E. B. McMahan, Boise City, for plaintiff in error.

O. A. Showalter, County Atty., Cimarron County, for defendant in error.

NIX, Judge.

Plaintiff in Error, Hoyt Badgwell, hereinafter referred to as defendant, was charged by information in the District Court of Cimarron County, Oklahoma with the crime of Larceny of an Automobile. He was tried, found guilty by a jury, and sentenced by the trial judge to a term of Five Years in the penitentiary.

From that judgment and sentence he has perfected his appeal to this Court alleging numerous assignments of error. It will not be necessary to discuss all of them, as there is one glaring error.

After the jury had received its instructions, and had retired for deliberations, they sought additional information on a point of law interpreting the trial court's instruction the Indeterminate Sentence. The foreman of the jury wrote a note to the judge. It was delivered by the bailiff, and the judge wrote a note to the jury in reply, which was returned to the

jury (again by the bailiff). This passage of notes was never called to the attention of counsel for the defendant, the defendant, or the county attorney, and the contents were not revealed until after the jury had been discharged. The notes read:

"Your Honor,

A question we have—can we impose a sentence of 3 years and ask for the ⅓ of 3 years to be imposed?

/s/ Paul L. Kohler, Foreman

* * *

The *minimum* is 3 yrs. when a definite term is assessed.

The indeterminate sentence law is set out in the instructions and I should not try to elaborate or explain same as that is your prerogative.

/s/ C.R.B."

This is in direct violation of Title 22, O.S.A. § 894:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court, * * * the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

And, § 853:

" * * * The officers must be sworn to keep the jurors together until the next meeting of the court, to suffer no person to speak or to communicate with them, nor to do so themselves, on any subject connected with the trial, and to return them into court at the next meeting thereof. * * * "

The above statutes are clear and concise. There can be no doubt as to their meaning, nor is there an occasion for flexibility. The law is stated in explicit terms, and this

Court has *repeatedly* stated that these statutes are mandatory.

See, Grable v. State, 60 Okl.Cr. 339, 44 P.2d 152; Rabb v. State, 62 Okl.Cr. 361, 71 P.2d 773; Graham v. State, 73 Okl.Cr. 337, 121 P.2d 308; Cupp v. State, 76 Okl. Cr. 342, 136 P.2d 700; Lowrey v. State, 87 Okl.Cr. 313, 197 P.2d 637; Ladd v. State, 89 Okl.Cr. 294, 207 P.2d 350; Green v. State, Okl.Cr., 281 P.2d 200; Keahbone v. State, Okl.Cr., 318 P.2d 894; Ford v. State, Okl.Cr., 330 P.2d 214; and Fields v. State, Okl.Cr., 364 P.2d 723.

All of these cases are discussed briefly in the well written brief of defense counsel. In the Green case, supra, it was stated:

"It will be observed that the language employed by the legislature in the foregoing statutes is not permissive, but mandatory, as follows: 'They must require the officer to conduct them into court', whether they seek information on the face of the record as to testimony, or seek information on a point of law."

■ It is the right of the defendant to have his cause tried in open court, with opportunity to be present and heard in respect to everything transacted. It is his right to be present and attended by counsel whenever it is found necessary or desirable for the court to communicate with the jury.

■ In the 1961 case, Fields v. State, Okl.Cr., 364 P.2d 723, supra, this Court stated further:

"Every citizen charged with a criminal offense is entitled to a public trial by an impartial jury whether guilty or innocent, according to the due and orderly course of the law, and it is the duty of courts to see that the guaranty of such a trial is upheld. Oklahoma Constitution, Article 2, section 20."

In the instant case, the jury was confused as to the court's instruction on the indeterminate sentence law. It is clear from the context of the note they were asking if they could give the defendant the equivalent of one year under this law.

Defense counsel alleges that their question indicated they were not deadlocked on the question of the penalty and wanted more information as to whether they could give less a penalty than is provided by law. He alleges they might have felt that the minimum penalty was harsh and they had some doubt as to whether the defendant was guilty of asportation of the property, and might well have brought in the verdict of not guilty.

The defendant properly raised this question of the communication in his Motion for New Trial, and it was overruled by the trial judge, stating that there had been no actual discussion. This was not the question.

The error occurred when the trial court failed to have the jury brought before the defendant and his counsel, and the county attorney, for the additional information on the instruction of the indeterminate sentence.

■ In the Fields case, supra, it was further stated:

"After the case has been submitted to the jury for their determination, any unauthorized communication of an officer or official of the court or any third person creates a presumption of prejudice against the defendant and this presumption must be overcome by competent evidence presented."

It was sufficient for the defendant to show the misconduct, and once this is shown, it automatically shifts the burden upon the state to show non-prejudice by competent evidence.

In the instant case, there was an opportunity for the matter to be cleared up when the motion for new trial was heard. The jurors could have been subpoenaed and questioned as to whether they were

confused on the sentence, and if the note had any effect on their decision. Under such circumstances, this Court would have before it all of the facts as related by the jurors under oath and the defendant would have been given an opportunity, as would the state, to show whether or not the communication was prejudicial.

This Court is of the opinion that the learned trial judge was in good faith, and did not believe he was committing error, nor did he intend to prejudice the defendant by answering the note of the juror.

However, the presumption of prejudice was raised, and the state wholly failed to overcome this by the testimony of the bailiff—which simply stated that she carried the messages from the foreman of the jury to the court and then carried the answer back to the jury. This simply sustains the violation of the statutes.

The brief filed by the county attorney's office in behalf of the state, failed to even mention this allegation of error, and the attorney general's office did not file a supplemental brief.

This Court could not, in good conscience, approve a violation of the statutes in this regard.

The sanctity of the jury room must remain inviolate, and the Court would never approve a procedure which would open avenues to the contrary. The statutes of Oklahoma place a cloak of prohibition around the jury against any outside communication whatsoever, except in open court, and in the presence of the defendant and his counsel. It is doubtful if the note with which the trial judge communicated with the jury was in itself prejudicial, however, it was contrary to law (Title 22, O.S.A. § 853, 894, supra) and cannot be condoned.

For the foregoing reasons, this cause is hereby Reversed and Remanded back to the trial court for a new trial.

Bussey, P. J., and Brett, J., concur.