GUILLERMO AILLON *v.* STATE OF CONNECTICUT

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued June 9—decision released July 26, 1977

*Howard A. Jacobs,* with whom was *Jean L. Welty,* for the appellant (plaintiff).

*Robert E. Beach, Jr.,* assistant state's attorney, for the appellee (state).

House, C. J.  On September 1, 1973, the plaintiff was convicted of three counts of murder after a jury trial in the Superior Court in New Haven County.  While his appeal from the judgment in that case was pending in this court, he brought the present proceeding pursuant to the provisions of § 52-270 of the General Statutes, seeking a new trial on three grounds:  (a) an allegedly improper communication between the trial judge and a juror at a time when the jury were considering their verdicts, (b) threats which had been communicated to the jury, and (c) the length of time during which the trial court held the jury for deliberation.  An evidentiary hearing was held as a result of which the court (*J. Shea, J.*) set aside the verdicts and ordered a new trial, holding that the state had failed to rebut the presumption that the judge's communication with the juror was prejudicial to the plaintiff.

The state appealed from that judgment and this court, although it concluded that the trial court had "applied the proper rule of law, and that it was incumbent upon the state to rebut the presumption of prejudice created by the trial judge's ex parte communication with the jury," found error in an evidentiary ruling striking out certain testimony relating to a conversation occurring in the jury room and ordered a new hearing on the plaintiff's petition for a new trial.  *Aillon* v. *State,* 168 Conn. 541, 548, 363 A.2d 49.

On the new hearing, the court (*O'Sullivan, J.*) denied the petition for a new trial, holding that the state had sustained its burden of showing that the communication between the trial judge and the

juror was beyond a reasonable doubt harmless to the plaintiff. It is from that judgment that the plaintiff has taken the present appeal.

The circumstances of the trial judge's communication with the juror may be briefly summarized here: On Friday morning, August 31, 1973, the jury had commenced their deliberations, which continued throughout the day. At 7:45 p.m., the jury sent a note to the court (*Cohen, J.*) stating that they had taken a final vote and had been unable to reach a unanimous decision, whereupon the court gave them the "Chip Smith" charge; see *State* v. *Smith,* 49 Conn. 376, 386; and asked them to continue their deliberations and "to return a verdict if at all possible, whether tonight, tomorrow or the next day." The jurors returned to deliberate and then discussed whether to adjourn for the night. Some wished to adjourn for the night and others wished to remain and continue their deliberations. One juror, Kathleen Read, became excited over the possibility that the jury might adjourn for the night and return another day to deliberate and informed the foreman that she wanted to speak to the judge. The foreman thereupon wrote a note which stated, "Your Honor, one of the jurors would like to speak to you with regard to a personal matter," read the note to the jury and sent it to the judge. Although the accused and his counsel were in the courthouse at the time, the judge did not inform either of them of this message but put on his robe, went to the jury room and, outside the doorway to that room, had a conversation with Mrs. Read which lasted no more than a few minutes. The accused and his counsel did not learn of this conversation until almost three months after the verdicts were returned. The judge neither told either of them

that he was going to have the conversation with Mrs. Read nor did he inform them about the conversation after it took place. After the conversation, the jury resumed deliberations and at 4:37 the following morning returned a verdict of guilty as charged.

Our decision as to the plaintiff's claim of error related to the judge's ex parte communication with the juror during the course of the jury's deliberations is decisive of the merits of the present appeal. It is pertinent to repeat, in part, what we said in *Aillon* v. *State,* supra, 545–47: "It has long been the law of this state that jurors shall not converse with any person, not a member of the jury, regarding the cause under consideration; *Bennett* v. *Howard,* 3 Day 219, 223; *Tomlinson* v. *Derby,* 41 Conn. 268, 274; and that no person may be present with or speak to the jurors when they are assembled for deliberation; *Cook* v. *Miller,* 103 Conn. 267, 273, 130 A. 571. General Statutes § 51-245. Those rules are of vital importance to assure that the jury will decide the case free from external influences that might interfere with the exercise of deliberate and unbiased judgment. 'Nor can any ground of suspicion that the administration of justice has been interfered with be tolerated.' *Mattox* v. *United States,* 146 U.S. 140, 149, 13 S. Ct. 50, 36 L. Ed. 917. It has thus become a universally accepted principle that communications between a judge and a jury, especially after the jury have begun deliberations, should be made only in open court in the presence of the parties. See 75 Am. Jur. 2d, Trial, § 1001; annot., 41 A.L.R.2d 227. In a criminal trial this rule takes on constitutional dimensions since the accused has a right to be present at every stage of the trial and to have the assistance of counsel for

his defense. U.S. Const., amend. VI, XIV; *Illinois v. Allen,* 397 U.S. 337, 338, 90 S. Ct. 1057, 25 L. Ed. 2d 353; *United States v. Wade,* 388 U.S. 218, 226, 87 S. Ct. 1926, 18 L. Ed. 2d 1149; *State v. Ralls,* 167 Conn. 408, 419, 356 A.2d 147; see *Shields v. United States,* 273 U.S. 583, 588, 47 S. Ct. 478, 71 L. Ed. 787. Moreover, the accused's right to a fair trial in a fair tribunal is the very foundation of due process. '[T]he requirement of due process of law in judicial procedure is not satisfied by the argument that men of the highest honor and the greatest self-sacrifice could carry it on without danger of injustice. Every procedure which would offer a possible temptation to the average man . . . to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law.' *Tumey v. Ohio,* 273 U.S. 510, 532, 47 S. Ct. 437, 71 L. Ed. 749; *Estes v. Texas,* 381 U.S. 532, 543, 85 S. Ct. 1628, 14 L. Ed. 2d 543."

With respect to the burden of proof as to prejudice in an instance where there has been an improper communication with a juror, we observed in *Aillon v. State,* supra, pp. 547-48: "In this state, an improper act of a judge does not automatically justify a new trial unless there has been prejudice to the unsuccessful party; *Wood v. Holah,* 80 Conn. 314, 316, 68 A. 323; and ordinarily the burden of establishing that an error of the trial court is harmful rests on the appellant. *State v. L'Heureux,* 166 Conn. 312, 323, 348 A.2d 578; *State v. Vennard,* 159 Conn. 385, 393, 270 A.2d 837, cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625. In this case, however, we are dealing with an intrusion into the constitutional rights of an accused. Thus, the

accused is not required to show that the constitutional error was harmful; rather, the state must show that it was harmless beyond a reasonable doubt. *Chapman* v. *California,* 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705."

The opinion continued (p. 548): "We conclude . . . that it was incumbent upon the state to rebut the presumption of prejudice created by the trial judge's ex parte communication with the jury. See *United States ex rel. Tobe* v. *Bensinger,* 492 F.2d 232, 238 (7th Cir.); *Bustamante* v. *Eyman,* 456 F.2d 269, 273 (9th Cir.); *State* v. *Pokini,* 526 P.2d 94, 105, 107 (Hawaii); *State* v. *Saul,* 258 Md. 100, 108, 265 A.2d 178; *State* v. *White,* 191 Neb. 772, 774, 217 N.W.2d 916; *State* v. *Brugger,* 84 N.M. 135, 137, 500 P.2d 420; *Badgwell* v. *State,* 418 P.2d 114, 118 (Okla. Crim. App.)."

Although on the second hearing which gave rise to the present appeal the trial court concluded that "[u]nder the facts and in the setting of this case, the State sustained its burden of showing that the communication between the trial judge and the juror, Kathleen Read, was harmless to the plaintiff beyond a reasonable doubt," the record compels a conclusion that the plaintiff is correct in his contention that the trial court's conclusion was not supported by the facts set forth in its finding. The inescapable fact is that the record contains no credible evidence whatsoever as to what was said by the judge and the juror during that improper private conversation. In the nature of the circumstances they were the only two persons who could testify as to what was said. The judge did not testify. The juror did testify but the trial court specifically found that her recollection of what the trial

judge said to her was not to be credited. In those circumstances, it cannot be held that the state rebutted beyond a reasonable doubt the presumption of prejudice.

There is error, the judgment is set aside and the case is remanded with direction to grant the petition for a new trial.

In this opinion the other judges concurred.