[No. 2569-3. Division Three. June 5, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT
JOHN SARACENO, *Appellant*.

MUNSON, J., dissents by separate opinion.

*Sharpe, Ganz & Henderson* and *Robert B. Henderson*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *Terence M. Ryan, Deputy*, for respondent.

EDGERTON, J.*—Robert Saraceno appeals a conviction of third-degree rape, contending (1) the court should have granted appellant's motion for new trial because the court gave an instruction during jury deliberation without consulting the appellant, his counsel, or the prosecuting attorney; and (2) the court erred when it denied an in camera

---

*Judge Ralph P. Edgerton is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

examination of the victim to determine if she had lied to appellant's counsel about her sexual history.

The jury in this case retired to deliberate about 5 p.m. At approximately 11:15 p.m., the jurors requested the bailiff to provide them with a definition of "resistance." The bailiff telephoned the judge who instructed him to give the definition of "resistance" from Webster's New Collegiate Dictionary, which he did. Thereafter, the jurors again asked the bailiff if he could define "passive resistance" for them. The bailiff again contacted the judge, explaining to him that the jury was having difficulty in understanding the difference between active and passive resistance. The trial judge instructed the bailiff to advise the jury that "any words and acts can manifest resistance." The bailiff informed the jury of this definition and then told them "if you scratch your head it is not necessarily resistance, you had to complete the act." Neither the defendant nor counsel were notified of these incidents by the court. Later, the jury retired for the night and did not resume deliberation until the following morning; they reached a verdict midmorning. Immediately following the jury's verdict, the court made a record of the additional instructions of the previous night. The issue on appeal is whether the giving of the instructions without the presence of the defendant or counsel was prejudicial error.

■ There is no question that the instructing of the jury, during their deliberation, on the definition of "resistance," without consulting either counsel or the appellant, was error. *United States v. United States Gypsum Co.,* 438 U.S. 422, 57 L. Ed. 2d 854, 98 S. Ct. 2864, 2884–86 (1978); *Rogers v. United States,* 422 U.S. 35, 45 L. Ed. 2d 1, 95 S. Ct. 2091 (1975). At one time in the jurisprudence history of this state the giving of additional jury instructions during deliberation without the presence of the accused and his counsel was conclusively presumed to be prejudicial. *State v. Waite,* 135 Wash. 667, 668, 238 P. 617 (1925); *State v. Shutzler,* 82 Wash. 365, 367, 144 P. 284 (1914); *State v. Wroth,* 15 Wash. 621, 47 P. 106 (1896); *Linbeck v. State,* 1 Wash. 336, 25 P. 452 (1890).

Today it appears that both federal and state jurisdictions accept the concept that communications with a jury, while error, may be harmless error. *Rogers v. United States, supra; United States v. Walls,* 577 F.2d 690, 697 (9th Cir. 1978), *cert. denied,* 439 U.S. 893, 58 L. Ed. 2d 239, 99 S. Ct. 251 (1978); *United States v. Breedlove,* 576 F.2d 57 (5th Cir. 1978); *United States v. Nelson,* 570 F.2d 258 (8th Cir. 1978); *State v. Smith,* 85 Wn.2d 840, 852–53, 540 P.2d 424 (1975); *State v. Smith,* 43 Wn.2d 307, 308–11, 261 P.2d 109 (1953); *State v. Colson,* 9 Wn.2d 424, 115 P.2d 677 (1941). For other authorities, *see People v. Lee,* 38 Cal. App. 3d 749, 113 Cal. Rptr. 641 (1974); Annot., *Giving, in accused's absence, additional instruction to jury after submission of felony case,* 94 A.L.R.2d 270 (1964), and supplements thereto; Annot., *Prejudicial effect, in criminal case, of communication between court officials or attendants and jurors,* 41 A.L.R.2d 227 (1955);[1] 58 Am. Jur. 2d *New Trial* § 110 (1971); Approved draft, ABA Standards, *Trial by Jury* §§ 4.6 and 5.3 (1968); RCW 4.44.300; CrR 6.15(f).

In *Remmer v. United States,* 347 U.S. 227, 229, 98 L. Ed. 654, 74 S. Ct. 450, 451 (1954), the court stated:

> In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during the trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.

Here, the court's instructions were an objective, neutral definition of resistance quoted from a dictionary; no objection is taken to the correctness of either instruction. The

---

[1] *State v. Jury,* 19 Wn. App. 256, 576 P.2d 1302 (1978). A defendant's presence was not required at a conference considering additional or supplemental instruction during deliberation unless his presence bore a reasonably substantial relation to his opportunity to defend himself. Defense counsel was present.

bailiff's response to the question as to the difference between active and passive resistance was innocuous at best. Defendant was acquitted of rape in the second degree,[2] which contains the element of resistance. He was convicted of rape in the third degree,[3] which does not contain the element of resistance. In these circumstances, we do not find the communication to be prejudicial; if anything, it inured to his benefit. Therefore, we find that the error is harmless beyond a reasonable doubt. *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968), *cert. denied,* 393 U.S. 1081 (1969).

The second assignment of error, relating to the failure of the trial court to hold an in camera examination of the victim, we find to be without merit. As happens in such cases, a conflict arose between the victim and Saraceno as to whether she had consented to the intercourse. Saraceno alleged with no offer of proof that the victim had several years earlier had an abortion and had been dismissed from high school for misconduct. The assignment involves passing upon the victim's credibility and we find, under these circumstances, it would violate the legislative proscription set forth in RCW 9.79,150, as follows:

---

[2]RCW 9.79.180 states:

"(1) A person is guilty of rape in the second degree when, under circumstances not constituting rape in the first degree, the person engages in sexual intercourse with another person, not married to the perpetrator:

"(a) By forcible compulsion; . . ."

RCW 9.79.140(5) defines "forcible compulsion" as "[P]hysical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or he or another person will be kidnaped:"

[3]RCW 9.79.190 reads:

"(1) A person is guilty of rape in the third degree when, under circumstances not constituting rape in the first or second degrees, such person engages in sexual intercourse with another person, not married to the perpetrator:

"(a) Where the victim did not consent as defined in RCW 9.79.140(6) to sexual intercourse with the perpetrator and such lack of consent was clearly expressed by the victim's words or conduct, or

"(b) Where there is threat of substantial unlawful harm to property rights of the victim."

(2) Evidence of the victim's past sexual behavior including but not limited to the victim's marital history, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is inadmissible on the issue of credibility . . .

Such hypothecation of relevancy offered by appellant is insufficient upon which to base such a request.[4] The appellant is seeking impeachment testimony out of the mouth of the victim.

Judgment is affirmed.

GREEN, C.J., concurs.

MUNSON, J. (dissenting)—I agree that the giving of the instruction without consulting counsel is error. However, I am unable to satisfy myself that it is harmless beyond a reasonable doubt. While I would not retain a conclusive presumption of error as was done in the early Washington cases, I would strictly examine the circumstances of each case where such an error occurred and hold the State to a high standard of proving a lack of prejudice. Under the facts of this case, where the basic determination is between credibility of the complaining witness and the defendant, where a jury deliberates for the better part of 6 hours before the inquiry is made and then requests a further clarification at 11 p.m., where counsel are not consulted and have no opportunity to make even an affirmative response to the inquiry and the jury, albeit the following morning, comes in with a verdict of guilty to a lesser included offense, I am unable to conclude that the error was not prejudicial. There existed within the minds of the jurors some area of conflict. The inquiry regarding the distinction between active and passive resistance appears to me to be a distinction that could have clouded the deliberations of the

---

[4]There was no allegation these purported events were recent or "highly relevant to other issues" nor was intercourse denied as in *State v. Cosden*, 18 Wn. App. 213, 218, 568 P.2d 802 (1977), *cert. denied*, 439 U.S. 823, 58 L. Ed. 2d 115, 99 S. Ct. 90; *see also State v. Blum*, 17 Wn. App. 37, 561 P.2d 226 (1977).

jury even though they did reach a verdict of rape in the third degree. I would reverse and grant a new trial on the basis that I cannot say beyond a reasonable doubt that the error was harmless.[5]

Reconsideration denied July 10, 1979.

Review denied by Supreme Court October 12, 1979.

---

[5]*United States v. Glick,* 463 F.2d 491, 493 (2d Cir. 1972); *Bustamante v. Eyman,* 456 F.2d 269 (9th Cir. 1972); *United States v. Schor,* 418 F.2d 26, 29-30 (2d Cir. 1969); *Aillon v. State,* 173 Conn. 334, 377 A.2d 1087 (1977); *Aillon v. State,* 168 Conn. 541, 363 A.2d 49 (1975); *State v. Moore,* 38 Wn.2d 118, 228 P.2d 137 (1951); *State v. Christensen,* 17 Wn. App. 922, 924, 567 P.2d 654 (1977); 4 Wharton, *Criminal Procedure* § 561 (12th ed. 1976).