5 P.3d 47 (2000)
101 Wash.App. 619
STATE of Washington, Respondent,
v.
Edith M. KELL, Appellant.
No. 24550-7-II.
Court of Appeals of Washington, Division 2.
July 28, 2000.
Suzan L. Clark (Court Appointed), Vancouver, for Appellant.
Michael C. Kinnie, Leann Shill Larson, Clark County Deputy Pros. Atty's, Vancouver, for Respondent.
MORGAN, J.
On January 29, 1998, a district court jury tried Edith M. Kell for driving under the influence (DUI). As far as we can tell from the record, the jury was allowed to separate during trial and deliberations.
The jury began deliberating at a time the record does not show. At about 5:15 P.M., while deliberations were ongoing, a juror asked permission to make a phone call from the court's phone. While speaking with the bailiff, she mentioned that one or more jurors had been using a cell phone in the jury room. At about 5:30 P.M., after conferring with the judge, the bailiff told the jurors they could not use a cell phone while in the jury room.
Later, the jury submitted three questions to the judge. The record does not show the time, or what the questions were. The judge convened the attorneys in open court, and they agreed the judge should tell the jury to re-read the instructions it already had. They also agreed that the bailiff should physically collect any cell phones in the jury room. Both actions were taken.
At a time not shown in the record, the jury returned to the courtroom and announced that Kell was guilty of DUI. Because the attorneys had previously agreed that the judge should inquire concerning cell phone use, the judge then asked who had used a cell phone during deliberations, and for what *48 purpose. The foreman said that he had notified his wife he would be home late, and that she would have to take the dog to obedience school. Another juror said that she had asked her husband to pick up their child. Two other jurors said they had notified their spouses they would be late, and "to take care of whatever responsibilities[.]"[1] No juror "talk[ed] about the case[,]"[2] and all six jurors agreed the cell phone had not affected their verdict. The judge thanked the jury and released it.
Kell then moved for a mistrial. She indicated she was not sure whether the jurors were "being completely truthful" about their use of the cell phone, and that there could have been some "unauthorized communication" that was "highly inappropriate."[3]
The court denied the motion. It found that the jurors had been candid and straightforward, that they had not talked about the case while making their phone calls, and that their phone calls had not affected the verdict.
Kell appealed to the superior court, which reversed and remanded for new trial. The State then sought discretionary review, which we granted.
A party who asserts juror misconduct bears the burden of showing it occurred.[4] To bear that burden is to raise a presumption of prejudice, which the other party can overcome by showing that the misconduct was harmless beyond a reasonable doubt (i.e., that the misconduct did not affect the verdict).[5]
Kell has not shown misconduct here. CrRLJ 6.7(a) provides that "[d]uring trial and deliberations the jury may be allowed to separate unless good cause is shown, on the record, for sequestration of the jury." When separated, a juror may communicate with others, by phone or otherwise, so long as he or she does not discuss the case.[6] The present record does not show whether the jury was sequestered or allowed to separate. Nor does it show the good cause that must exist before sequestration can occur. Accordingly, it does not show that the jurors lacked the right to make phone calls, or that they engaged in misconduct by doing so.
Even if we were to assume that Kell has shown misconduct, she has not shown prejudice. When the trial court affirmatively questioned each juror, each responded that no one had discussed the case while using the cell phone, and that the cell phone had not affected the deliberations in any way. The judge had discretion to credit those statements, to find no prejudice, and thus to deny the motion for a mistrial.
This conclusion is supported by People v. Fauber,[7] the only published case with facts similar to the present case. In Fauber, a juror was permitted to take a cellular phone into the jury room during deliberations. The juror used the cellular phone to keep in contact with his business. The juror also *49 permitted two other jurors to use the cellular phone to make calls on matters unrelated to the trial. In a terse analysis, the court held that because the juror had obtained permission and the defendant offered no evidence that the phone was used for an improper purpose, "[n]o presumption of prejudice" arose out of the use of the cellular phone.[8]
Although we find no abuse of discretion, we very much agree with the district court's statement that in the future it should inquire about such phones and bar them from the jury room. No real problem arose here, but one could arise in a different case with different circumstances.[9]
The superior court is reversed, the jury's verdict is reinstated, and the case is remanded to the district court for execution of sentence.
Affirmed.
BRIDGEWATER, J., and HUNT, A.C.J., concur.
NOTES
[1] Clerk's Papers at 119; see also Clerk's Papers at 124. One juror also received an incoming call about the power having gone out at home.
[2] Clerk's Papers at 121.
[3] Clerk's Papers at 125.
[4] State v. Hawkins, 72 Wash.2d 565, 566, 434 P.2d 584 (1967); State v. Barnes, 85 Wash.App. 638, 668, 932 P.2d 669, review denied, 133 Wash.2d 1021, 948 P.2d 389 (1997).
[5] State v. Murphy, 44 Wash.App. 290, 296, 721 P.2d 30, review denied, 107 Wash.2d 1002 (1986); State v. Saraceno, 23 Wash.App. 473, 475, 596 P.2d 297, review denied, 92 Wash.2d 1030 (1979); see also State v. Rose, 43 Wash.2d 553, 557, 262 P.2d 194 (1953) ("The burden was upon the state to show that no prejudice actually resulted."); Barnes, 85 Wash.App. at 669, 932 P.2d 669 ("Not all instances of juror misconduct merit a new trial; there must be prejudice."); but see State v. Wilmoth, 31 Wash.App. 820, 824, 644 P.2d 1211 (during trial recess, juror communicated with complaining witness; held, "defendant must establish prejudice for error to exist"), review denied, 97 Wash.2d 1034 (1982).
[6] CrRLJ 6.7(b) (jurors may not communicate with others "[u]nless the jury is allowed to separate").
[7] People v. Fauber, 2 Cal.4th 792, 9 Cal.Rptr.2d 24, 831 P.2d 249 (1992), cert. denied, 507 U.S. 1007, 113 S.Ct. 1651, 123 L.Ed.2d 272 (1993).
[8] Fauber, 9 Cal.Rptr.2d 24, 831 P.2d at 275.
[9] As defense counsel pointed out at oral argument, cell phones can receive incoming calls, and a problem could arise if an outside caller provided information about the case (e.g., a description of case-related publicity). Nothing like that occurred here.