IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36406-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JESSE LEE CRISWELL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. —Jesse Criswell appeals the trial court's denial of his motion for relief from judgment based on juror misconduct. We affirm.

FACTS

A jury convicted Jesse Criswell of forgery and theft. Less than one year later, Mr. Criswell filed a motion for new trial and relief from judgment under CrR 7.5 and CrR 7.8. The motion was based on newly discovered allegations of juror misconduct.

Mr. Criswell's motion was supported by two statements—an affidavit and a transcribed interview—from the juror in question, Melvin Harrell. According to both statements, Mr. Harrell realized during trial that he knew of Mr. Criswell through Mr. Criswell's girlfriend. In the transcribed interview, Mr. Harrell stated he came to this discovery during a telephone conversation with a friend. In both the affidavit and the

interview transcript, Mr. Harrell indicated that personal knowledge of Mr. Criswell impaired his ability to be an impartial juror and impacted his vote toward the jury's verdict.

Upon reviewing Mr. Criswell's motion, the trial court expressed concern about the reliability of Mr. Harrell's out-of-court statements. The court noted that during the interview Mr. Harrell made inconsistent statements about whether he was biased against Mr. Criswell. The court expressed concern that Mr. Harrell appeared to be "just saying whatever the questioner wanted to hear." Report of Proceedings (Aug. 14, 2018) at 28. In addition, Mr. Harrell appeared to have signed the affidavit at the prompting of Mr. Criswell's mother.

Despite these concerns, the court convened an evidentiary hearing and considered Mr. Criswell's motion under CrR 7.8. At the hearing, testimony was taken from Melvin Harrell, Jesse Criswell, and the defense investigator who interviewed Mr. Harrell.

Mr. Harrell's in-person testimony at the evidentiary hearing differed significantly from his out-of-court statements. Mr. Harrell testified that he remembered serving as a juror and the deliberation process. However, he could not remember how he came to realize his familiarity with Mr. Criswell. He never mentioned a telephone call. In addition, Mr. Harrell denied having any strong feelings about Mr. Criswell. He testified that his acquaintance with Mr. Criswell's girlfriend did not make any difference in his

assessment of the case. Mr. Harrell denied having a clear memory of either signing the prehearing affidavit or talking to the defense investigator. Mr. Harrell explained that he had recently fallen, injured his ribs, and was experiencing some pain. Nevertheless, he claimed he was capable of testifying.

The defense investigator testified about her interview of Melvin Harrell. She stated Mr. Harrell did not appear to have any memory difficulties during the interview. She testified the interview was audio recorded with Mr. Harrell's permission, and that the transcription was an accurate record of their conversation.

Jesse Criswell testified that he knew Melvin Harrell and had experienced a couple of disagreements with him over the telephone. Mr. Criswell indicated he and Mr. Harrell were not on friendly terms. Nevertheless, Mr. Criswell claimed he did not recognize Mr. Harrell during voir dire. He explained that he has poor eyesight and is almost legally blind.

The trial court admitted Melvin Harrell's affidavit into evidence, but the transcript of his recorded interview was admitted only for impeachment purposes.

The court rendered a preliminary oral decision denying Mr. Criswell's CrR 7.8 motion, and entered formal findings and conclusions several weeks later. The court noted Mr. Harrell's three "statements ([affidavit], interview and testimony) varied significantly." Clerk's Papers at 88. Given the inconsistencies, the court determined

3

No. 36406-2-III
*State v. Criswell*

Mr. Harrell's affidavit was not credible and that insufficient evidence supported Mr. Criswell's claim of juror bias. The motion for relief from judgment was therefore denied.

Mr. Criswell appeals.

ANALYSIS

Mr. Criswell makes two claims on appeal. First, he argues the trial court erroneously failed to admit the transcript of Mr. Harrell's interview with the defense investigator as a recorded recollection under ER 803(a)(5). Second, he argues the trial court erroneously denied his request for substantive relief from judgment. Both matters are reviewed for abuse of discretion. *State v. Griffin*, 173 Wn.2d 467, 473, 268 P.3d 924 (2012); *In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 879-80, 123 P.3d 456 (2005).

A recorded recollection may be admitted as substantive evidence if (among other things) it was made while the declarant's memory was "fresh" and it "accurately" reflects the witness's memory. ER 803(a)(5); *see also In re Det. of Peterson*, 197 Wn. App. 722, 727, 389 P.3d 780 (2017). Admission of a recorded recollection does not depend on the availability of the hearsay declarant. ER 803(a)(5). As such, there is no need for the declarant to vouch for a statement's accuracy. *State v. Alvarado*, 89 Wn. App. 543, 551, 949 P.2d 831 (1998). Instead, admissibility turns on whether, under the totality of the

4

circumstances, the recorded statement "accurately reflected [the declarant's] knowledge when [the statement was] made." *Id*. at 553.

The trial court did not abuse its discretion in its disposition of Mr. Harrell's recorded statement. Significant to our analysis is the fact that the court was sitting as an adjudicator of both fact and law. The court was aware of Mr. Harrell's transcribed statement; it even quoted portions of the statement during the oral ruling. Nevertheless, the court found the statement unreliable. The court was not required to formally admit Mr. Harrell's prior statement before rejecting its contents. No evidentiary error hampered Mr. Criswell's ability to seek relief from judgment.

Turning to the merits, Mr. Criswell had the burden of establishing that juror bias prejudiced the outcome of his case. *State v. Kell*, 101 Wn. App. 619, 621, 5 P.3d 47 (2000). Mr. Harrell's in-person testimony provided the trial court adequate reasons for finding this burden unmet. The record lacked any indication that Mr. Harrell was intentionally dishonest during voir dire or that he purposefully talked to a third party about Mr. Criswell's case. Despite realizing a limited familiarity with Mr. Criswell during the course of trial, Mr. Harrell testified that he was not biased against Mr. Criswell and that his assessment of Mr. Criswell's case was based solely on the evidence presented at trial. Given these circumstances, Mr. Criswell has not shown that he was

No. 36406-2-III
*State v. Criswell*

denied his right to a fair trial by an impartial jury. *See In re Pers. Restraint of Elmore*,

162 Wn.2d 236, 266-69, 172 P.3d 335 (2007).

CONCLUSION

The order denying relief from judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

6