[Criminal No. 99.   Filed April 30, 1895.]

[41 Pac. 442.]

HENRY BLEVINS, Defendant and Appellant, v. THE TER-
RITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW — UNLAWFUL BRANDING — REV. STATS. ARIZ. 1887,
   PENAL CODE, PAR. 969—INDICTMENT—INSUFFICIENCY—FAILURE TO
   ALLEGE INTENT TO CONVERT.—An indictment for branding the calf
   of another, under the statute, *supra,* is demurrable, it failing to state
   one of the essential elements of the offense to punish which the said
   statute was enacted,—to wit, the intention of defendant to convert
   the animal branded to his own use.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Gila. Owen
T. Rouse, Judge. Reversed.

The facts are stated in the opinion.

Kibbey & Israel, for Appellant.

Francis J. Heney, Attorney-General, and E. J. Edwards,
for Respondent.

BETHUNE, J.—On the twenty-eighth day of October, 1894,
defendant and appellant was accused of a felony under an
indictment, the charging part of which is as follows: "Henry
Blevins is accused by the grand jury of the county of Gila,
territory of Arizona, duly impaneled and sworn, by this in-
dictment, found this 28th day of October, 1894, of the crime
of felony, committed as follows: The said Henry Blevins, on
or about the 1st day of August, 1894, and before the finding
of this indictment, at the county of Gila, territory of Arizona,
did willfully and unlawfully and feloniously one certain
red and white bull calf, an animal of the value of five dollars,
and the property of Nick Egan, brand with a certain LL
brand, such LL brand being then and there the brand of him,
the said Henry Blevins, and not the recorded brand of him,
the said Nick Egan, the owner of said bull calf." Defendant
demurred to this indictment on the grounds that it does not
state facts sufficient to constitute a crime against the laws of

the territory, and that it does not comply with paragraph 969 of the Penal Code of the Revised Statutes of Arizona, and it is therefore insufficient in law. Paragraph 969 of the Penal Code of this territory, under which this prosecution was brought, is as follows: "Any person who shall brand or mark, or cause to be branded or marked, with his brand or any other brand not the recorded brand of the owner, any animal being the property of another, or who shall efface, deface, or obliterate any brand or mark upon any animal with intent to feloniously convert the same to his own use, is punishable in the territorial prison not less than one year nor more than ten years, and shall also be liable to the owner of such animal for three times the value thereof: and in no case shall the payment of the penalty herein mentioned entitle the person so branding, defacing or obliterating a brand to the property in the animal so branded, or upon which the brand was effaced, defaced, or obliterated; but such animal shall be surrendered to the proper owner." The demurrer of defendant was overruled, and he was convicted, and appealed to this court. The demurrer should have been sustained, as the indictment failed to state one of the essential elements of the offense to punish which section 969 of the Penal Code was enacted,—to wit, the intention of defendant to convert the animal branded to his own use. Judgment reversed and cause remanded, with instructions to the lower court to sustain the demurrer to the indictment.

Baker, C. J., and Hawkins, J., concur.