[No. 5345.   Decided February 10, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v.
A. A. ARMSTRONG, *Appellant.*[1]

TRIAL—EXCLUDING WITNESSES FROM ROOM—WAIVER OF REQUEST. Where the defendant does not insist upon his request to exclude the witnesses from the court room, but leaves it "optional with the court," error cannot be predicated upon the court's failure to exclude them.

HOMICIDE—EVIDENCE IN REBUTTAL—RELEVANCY. Where the state in a prosecution for homicide gave evidence of threats made by the defendant against the deceased, and the defendant in justification made a detailed statement of his troubles with the deceased, rebuttal testimony giving the state's version of such troubles is admissible.

[1]Reported in 79 Pac. 490.

CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL—OPINION OF PROSECUTING ATTORNEY. A statement by the prosecuting attorney that the jury will agree with him that "this is the worst homicide that ever occurred in the county," is not objectionable argument because of drawing a comparison with other homicides; nor is it objectionable as an expression of the prosecutor's opinion, since he may state his opinion based upon or deduced from the evidence, when it is not given as independent fact.

CRIMINAL LAW—HOMICIDE—TRIAL—REQUEST FOR SPECIFIC INSTRUCTIONS—ERROR. Upon a prosecution for murder in the first degree, it is not error to fail to define deliberation and premeditation in the instructions to the jury, in the absence of a specific request therefor.

SAME—INSTRUCTIONS TO JURORS INDIVIDUALLY. It is not error to refuse instructions addressed to the jurors individually, and not to the jury as a body.

SAME—INSTRUCTIONS—RELEVANCY. It is not error to refuse instructions having no special application to the case upon points sufficiently covered in the general charge.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered April 11, 1904, upon a tri^l and conviction of the crime of murder in the first degree. Affirmed.

*W. H. Abel,* for appellant, upon the point that it was reversible error for the prosecuting attorney to state his opinion to the jury, cited: 12 Cyc. 577, 580, 581; *Reyburn* v. *Mitchell,* 106 Mo. 365, 16 S. W. 592, 27 Am. St. 350; *People* v. *Dane,* 59 Mich. 550, 26 N. W. 781; *State* v. *Proctor,* 86 Iowa, 698, 53 N. W. 424.

*Sidney M. Heath* and *J. A. Hutcheson,* for respondent.

RUDKIN, J.—The defendant was convicted of the crime of murder in the first degree, and prosecutes this appeal from the judgment and sentence of the court. There is no regular assignment of errors in the appellant's brief, but counsel discusses the errors upon which he relies for a reversal of the judgment under five general heads, as fol-

lows: (1) The refusal of the trial court to exclude the witnesses from the court room during the trial; (2) evidence improperly admitted in rebuttal; (3) improper remarks of counsel; (4) error in instructions given; and (5) error in refusing instructions requested.

(1) At the commencement of the trial counsel for appellant asked that all witnesses not engaged in testifying be excluded from the court room. The court replied that it always desired to comply with such requests when made, but that such compliance would cause delay in the trial, there being no convenient room in which to keep the witnesses, and that, unless counsel especially requested it, the court would allow the witnesses to remain. To this counsel for appellant replied that the matter was optional with the court. Under these circumstances we do not think that the appellant can now claim that his right to have the witnesses excluded was an absolute one, as no such question was presented to, or passed upon by, the court below. A request of this kind is usually granted when made, and no doubt would have been granted in this case, if insisted upon as a matter of right.

(2) The state offered proof of certain threats, made by the appellant against the deceased some three years prior to the commission of the homicide for which the appellant was on trial. While the appellant was on the stand in his own behalf, he denied any knowledge of these threats, and then, as a justification, went into the details of the difficulty between the deceased and himself which gave rise to the threats, if any were made. The appellant then went into a further detailed statement of his other troubles with deceased. The state, over the objection of appellant, introduced testimony in rebuttal, giving the state's version of these troubles and the causes thereof. This testimony was strictly in rebuttal, if admissible at all,

as it constituted no part of the state's case.    If these matters had no bearing upon the merits of the case, the appellant was responsible for their intrusion in the record.    He was the first transgressor, and cannot complain of the result.

(3)    In the course of his argument to the jury, the prosecuting attorney made use of the following language: "I think you will agree with me that this is the worst homicide that ever occurred in the county."    This statement is excepted to for two reasons: First, because it compares this homicide with other homicides in the same county; and second, because the prosecuting attorney expressed an opinion as to the guilt of the appellant.    We cannot say that the comparison made has any significance whatever in this case.    It is true, the prosecuting attorney does, inferentially at least, express an opinion that the appellant is guilty.    While it is improper for a prosecuting attorney, in argument, to express his individual opinion that the accused is guilty, independent of the testimony in the case, he may nevertheless argue from the testimony that the accused is guilty, and that the testimony convinces him of that fact.

"It is not proper for the prosecuting officer to tell the jury that he believes the defendant guilty, as his belief is not evidence in the case; but he has the right to argue from the testimony that the defendant is guilty, and to state to them what evidence before them convinces him, and should convince them, of such guilt.    To deny to a prosecuting officer this privilege would be to deny to him the right to place before the jury the logic of the testimony which leads his mind to the inevitable conclusion of guilt, and which he has the right to presume will lead them to the same conclusion, if they view it as he does."    *People v. Hess,* 85 Mich. 128, 48 N. W. 181.

In other words, there is a distinction between the individual opinion of the prosecuting attorney, as an independ-

ent fact, and an opinion based upon or deduced from the testimony in the case. We think the fair construction of the language used by the prosecuting attorney in this case is that the testimony led him to the conclusion that the appellant was guilty, and that the jury should reach the same conclusion. There was no impropriety in this.

(4) The appellant excepted to the instruction of the court defining the crime of murder in the first degree, for the reason that the court did not define the words "deliberation and premeditation" therein used. The instruction as given states the law correctly, and, if the appellant desired a more specific instruction on the point suggested, he should have requested it. There was no error in the instruction as given.

(5) The first instruction requested by the appellant was addressed to the jurors individually, and not to the jury as a body. There was no error in the refusal of the court to give this instruction. *State v. Robinson,* 12 Wash. 491, 41 Pac. 884; *State v. Williams,* 13 Wash. 335, 43 Pac. 15; *State v. Cushing,* 17 Wash. 544, 50 Pac. 512. The other instruction requested was to the effect that a reasonable doubt might arise out of the evidence, or a lack of evidence. This instruction as an abstract proposition is correct; but there is nothing in this case giving the instruction any peculiar or special application, and we think the point was sufficiently covered in the general charge.

A careful examination of the record discloses no-error prejudicial to the appellant. The verdict of the jury was amply supported by the testimony, and the judgment of the court is affirmed.

Mount, C. J., Dunbar, Hadley, and Fullerton, JJ., concur.

Root and Crow, JJ., took no part.