[No. 14517.  Department Two.  March 2, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v.
CHARLES MONEYMAKER, *Appellant*.[1]

CRIMINAL LAW—TRIAL—MISCONDUCT OF JUDGE.  It is prejudicial
error for the court, in sustaining an objection to cross-examination
in a criminal case because defendant's counsel declined to state his
purpose, to remark that, if counsel was trying to hide something
from the jury the court was not going to aid him; as it interfered
with the accused's constitutional right to a fair trial.

WITNESSES—IMPEACHMENT—RAPE—ABSENCE OF COMPLAINT.  In a
prosecution for rape of a girl under the age of consent, in which
both force and lack of consent was shown, the accused had the right,
on cross-examination, to show the absence of complaints made to
her mother by the girl, as affecting her credibility.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered May 14, 1917, upon
a trial and conviction of rape.  Reversed.

*Murray & Gruber*, for appellant.

*W. H. Cameron*, for respondent.

MORRIS, J.—Appeal from a conviction of rape upon
a female child of the age of thirteen years.  Among the
errors assigned, we find two to be well taken.  The
prosecuting witness had testified that the act com-
plained of was without her consent and accomplished
by force.  During her cross-examination, the record
discloses the following:

"Q.  Did you have any conversation with your mother
when you got back?  Mr. Hancock: We object to that
as immaterial and irrelevant.  Can see no purpose for
which that could be permissible.  The Court: I can
see no purpose of that.  What is your purpose, Mr.
Murray?  Mr. Murray: If the court please, I do not
want to disclose my purpose.  By disclosing your pur-
pose you defeat the very idea of cross-examination.

[1]Reported in 171 Pac. 253.

The Court: Well, Mr. Murray, if you are trying to hide something from this jury the court is not going to help you. Sustained. Do not see its competency. Q. Did you make any complaint to her at that time? Mr. Hancock: We object to that on the same ground. The Court: Not germane and the court adheres to his ruling. Mr. Murray: Exception. The Court: Exception allowed."

Persons accused of crime have the right to be represented by counsel whose usefulness shall not be impaired by any unfavorable remark or critical attitude on the part of the trial judge in the presence of the jurors, who are quick to observe, and apt to receive, hostile impressions which deprive them of that fair and unbiased mental attitude which every juror should at all times possess in order to do justice between the state and the defendant at the bar. When a trial judge discredits counsel for the defense in a criminal case, he, to a certain extent, discredits the defense and thus deprives a defendant of a constitutional right. As was said in *State v. Phillips,* 59 Wash. 252, 109 Pac. 1047:

"The aid of counsel is guaranteed by the constitution to every person accused of crime, and this is universally recognized as one of the surest safeguards against injustice and oppression. Any conduct or statement on the part of the court that tends to impair the influence or destroy the usefulness of counsel is palpable and manifest error."

The language of the court here complained of was a rebuke to counsel and would clearly tend to put counsel in an unfavorable light before the jury, entitling the accused to a new trial before a jury not subject to such unfavorable influence or comment. *State v. White,* 10 Wash. 611, 39 Pac. 160, 41 Pac. 442.

While, because of the age of the prosecuting witness, it was not necessary for the state to prove the act com-

plained of was accomplished with or without consent or force, the state did undertake to prove both force and lack of consent. The circumstances under which the act was committed, and those attendant circumstances that have always been regarded as material in cases of this character, such as seasonable complaint or the lack of it, while not material to the act charged, are most material as affecting the credibility of the prosecuting witness. That seasonable complaint was made is a corroborative incident tending to support the story of the prosecuting witness. That seasonable complaint was not made is a circumstance entitled to such weight as, under all the circumstances, it merits. It is the inferences to be drawn from the fact that complaint was or was not made that makes the testimony admissible, irrespective of the fact that the act was accomplished with or without consent; the evidence being admissible not so much to prove or disprove the act as to add credit or discredit to the testimony of the prosecuting witness. It is as much the natural instinct of a girl under the age of consent to complain of an outrage to her person as it is of a girl over the age. The law establishing the age of consent does not work a corresponding change in human nature in this respect. The accused had the right, therefore, to show the absence of complaint as touching the credibility of the prosecuting witness. *State v. Griffin,* 43 Wash. 591, 86 Pac. 951; *People v. Baldwin,* 117 Cal. 244, 49 Pac. 186; *People v. Wilmot,* 139 Cal. 103, 72 Pac. 838.

For these two errors, the judgment is reversed and a new trial ordered.

Ellis, C. J., Chadwick, Mount, and Holcomb, JJ., concur.