[Nos. 37842, 37844. Department One. April 15, 1965.]

The State of Washington, *Respondent*, v. Mary Collins *et al., Appellants.**

*Peterson, Taylor & Day*, for appellants.

*Clarence J. Rabideau* and *Arthur Hansen*, for respondent.

Hunter, J.—Mary Collins and Zadie White were charged in separate informations with the crime of vagrancy on two counts: (1) soliciting prostitution, and (2) being lewd, disorderly and dissolute. See RCW 9.87.010. The cases were consolidated for trial. Judgment was entered by the trial court against both defendants (appellants) upon a jury verdict of guilty on both counts. The defendants appeal.

The defendants first contend that they were denied a fair trial by reason of the comments of the trial court di-

*Reported in 400 P.2d 793.

rected to the defense counsel and its adjudging him in contempt in the presence of the jury, (1) constituting a comment on the evidence in contravention of art. 4, § 16 of the Washington State Constitution, and (2) having the effect of denying counsel to the defendants in violation of the tenth amendment to our state constitution.

This asserted error developed during the defense counsel's examination of C. O. Rolfson, one of the state's witnesses. The record shows that this witness was an undercover investigating officer for the office of the Attorney General of this state; that the investigation was being conducted as a result of the request of certain city councilmen of Pasco and the Franklin County Prosecuting Attorney's office. The witness testified that after midnight on August 15, 1963, he and another investigator were in a tavern in East Pasco; that they were drinking beer at a table with one Mary Griffin and the two defendants; that while there, during a conversation, the defendants solicited them to engage in sexual intercourse; that the price was discussed, and lewd language was used. During the course of the examination, defense counsel attempted to question the witness concerning his testimony in a case the day before, relative to whether the city council and the prosecuting attorney had called him in to investigate the question of whether "pay-offs" were made to members of the Pasco Police Department. It was then that an objection was interposed by Mr. Hansen, an assistant attorney general for the state, and the following colloquy took place, during which, and subsequent thereto, the statements of the court upon which this claimed error is predicated by the defendants, were made in the presence of the jury:

> MR. HANSON: I object to the question; the matters of yesterday's trial, specifically as to the purpose of why he was here, are irrelevant to the issues before us in the trial of Mary Collins and Zadie White; this is an attempt by the defense counsel to cloud the issues of this case with irrelevant matters. MR. PETERSON: They are most relevant, Your Honor. These trials are being had as an afterthought to back up a basis of an unsuccessful raid and investigation. MR. HANSON: Your Honor, I feel this is

false testimony of the attorney, not under oath, and I resent the implications from it, and I ask that the jury be instructed to disregard it. MR. PETERSON: Your Honor. THE COURT: *I am not going to caution counsel once more on this; this is not Nashville, Tennessee; or the Sinatra trial in Los Angeles, or the Ruby trial in Texas; we are not trying police officers here, and we are going to conduct this trial.* . . . MR. PETERSON: I am going to ask for a mistrial. This is exactly what we are trying, Your Honor. THE COURT: *That's the way you are trying it, but don't try it again. I instructed you at the Bench not to go into these irrelevant matters, and to inflame this jury with irrelevant matter; I have cautioned you once; the next time you will be found in contempt; stay within the bounds, and don't argue this type of thing before this jury again.* MR. DAY: May I ask for a short recess to make a motion out of the presence of the jury, please. (Italics ours.)

Later in the case, at the beginning of defense counsel's opening statement to the jury, the record shows the following occurred in the presence of the jury:

MR. PETERSON: (Opening Statement) May it please the Court, counsel for the State, ladies & gentlemen of the jury, the basis of our defense in this case is that this is a part of an investigation of the East Side, which didn't yield the fruit that the Attorney General's office or the City Council or the Prosecuting Attorney was hopeful it might yield, and . . . MR. HANSON: Your Honor, I hate to interrupt counsel in his opening statement, but he is now phrasing in exactly the same manner that I thought had been ruled to be improper. THE COURT: Mr. Peterson, how many times need I repeat . . . MR. PETERSON: This is our defense, Your Honor, that it was a deliberate act on the part of the State to pick up the pieces of an unsuccessful raid. THE COURT: If this is what you are telling the jury in your opening statement you are going to prove. . . . MR. PETERSON: This is right, yes. THE COURT: *Then you are in contempt of this court.* Will counsel see me in chambers. (Italics ours.)

Defendants urge that as a result of the statements of the court recited above, the court engendered in the minds of the jury that the officers were telling the truth, and that it was defending the state witnesses. We need not pass upon

the soundness of this argument as we are convinced the defendants are correct in their second ground of asserted error, that they were, by the court's statements, in effect, denied the right to counsel in contravention of the tenth amendment to our state constitution.

In *State v. Levy*, 8 Wn.2d 630, 643, 113 P.2d 306 (1941), we quoted with approval the following language from *State v. Moneymaker*, 100 Wash. 463, 171 Pac. 253 (1918):

"Persons accused of crime have the right to be represented by counsel whose usefulness shall not be impaired by any unfavorable remark or critical attitude on the part of the trial judge in the presence of the jurors, who are quick to observe, and apt to receive, hostile impressions which deprive them of that fair and unbiased mental attitude which every juror should at all times possess in order to do justice between the state and the defendant at the bar. When a trial judge discredits counsel for the defense in a criminal case, he, to a certain extent, discredits the defense and thus deprives a defendant of a constitutional right. As was said in *State v. Phillips*, 59 Wash. 252, 109 Pac. 1047:

" 'The aid of counsel is guaranteed by the constitution to every person accused of crime, and this is universally recognized as one of the surest safeguards against injustice and oppression. Any conduct or statement on the part of the court that tends to impair the influence or destroy the usefulness of counsel is palpable and manifest error.'

"The language of the court here complained of was a rebuke to counsel and would clearly tend to put counsel in an unfavorable light before the jury, entitling the accused to a new trial before a jury not subject to such unfavorable influence or comment. *State v. White*, 10 Wash. 611, 39 Pac. 160, 41 Pac. 442."

In *State v. Phillips*, 59 Wash. 252, 109 Pac. 1047, we stated: Any conduct or statement on the part of the court that tends to impair the influence or destroy the usefulness of counsel is palpable and manifest error.

We are satisfied that the critical remarks directed to defense counsel, and his being adjudged in contempt of court, all in the presence of the jury, so effectively impaired

his usefulness as counsel as to contravene the right of an accused to counsel under the tenth amendment of our state constitution.

We do not pass on whether the court's remarks would have been justified had they occurred in the absence of the jury, nor on whether defense counsel was properly adjudged in contempt. This is not properly before us.

It appears to us, however, that in the instant case defense counsel successfully communicated to the jury his asserted theory of defense, contrary to the rulings of the court. Counsel contends he did not understand the court's ruling and that his violation, if any, was unintentional. Regardless of his intent, the error was nevertheless invited. We do not wish to indicate that circumstances may not be such that where there is invited error, and when, in order to preserve the decorum and a respect for the court, instant action is necessary, that such action may not be taken in the presence of the jury. *State v. Levy, supra.* We do not believe the action taken by the trial court in the presence of the jury was necessary in this case.

█ It is further contended that the trial court erred in denying the motion of defendant Zadie White to dismiss for insufficiency of the evidence. The record discloses that Zadie White was silent, for the most part, when the conversation between Rolfson, Mary Griffin, and Mary Collins took place. The extent of her statement there was, "Don't you want to have a good time?" On an occasion about two weeks later, two other state investigators, Russell and Jenkins, talked with the defendants while they were in a car parked outside an East Pasco restaurant. Investigator Russell testified that price was discussed and that Zadie White said, "Let's go have some fun; let's go and have a party." Under the circumstances present when the statements were made, the jury could justifiably have found that defendant Zadie White solicited prostitution. As to count two, upon the jury's finding Zadie White guilty of soliciting prostitution, it would then have been justified in finding her conduct to be that of a lewd, disorderly and dissolute

person. The court properly denied the motion for dismissal of the charges against her.

Error is assigned to the following part of the court instruction No. 6, as it relates to Zadie White, which we will consider for the court's guidance on the retrial.

You are instructed that a person using vulgar language in a public place in the presence of others is a lewd person.

Defense counsel argues there was no evidence in the record to support the giving of such an instruction as to Zadie White. We find the record is barren of vulgar language used by her. The instruction, therefore, was improper as to Zadie White.

Error assigned to exclusion of evidence was not argued in the brief and will not be passed upon by this court.

The judgment of the trial court is reversed, and the cause remanded for new trial for both defendants, Mary Collins and Zadie White, on the counts charged.

ROSELLINI, C. J., HILL and HALE, JJ., and MacIVER, J. Pro Tem., concur.