[No. 9026–7–I. Division One. January 20, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES
D. CECOTTI, *Appellant.*

*Mark Leemon* of *Seattle–King County Public Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Christopher A.
Washington, Deputy,* for respondent.

CORBETT, J.—Defendant appeals his conviction of rape in the third degree.

Defendant was charged with rape in the second degree of a 16–year–old girl. He met the girl at the residence of two mutual friends. The four began drinking alcoholic beverages in the morning and continued to do so throughout the day, apparently smoking marijuana during the afternoon. Later in the afternoon, the defendant and the victim were left alone. While watching television, they began kissing and adjourned to a bedroom in the house. It is disputed whether the two had sexual intercourse at this time. Defendant testified that the victim willingly submitted to both genital and oral sex with him, but the victim denied this. The party resumed upon return of the other couple to their home. Around 8:30 p.m., the defendant left to take the victim home in his car. Encountering some difficulty with his automobile, they drove into a school parking lot where the car was repaired. The victim testified that the defendant then forced her to submit to sex with him in the car. According to her testimony, the defendant hit her three or four times and although she tried to resist, she was unable to push him off. The defendant testified that the victim voluntarily engaged in intercourse with him in the parking lot as she had earlier in the day. When the victim arrived home, she became hysterical and her parents called the police.

After the trial began, the defense filed a motion to admit evidence of the victim's sexual history. In an affidavit to support the motion, an investigator employed by the defense stated that he had talked to two prospective witnesses who had been introduced to the victim by the same couple who introduced her to the defendant. Both men claimed to have had intercourse with the victim at the couple's house after taking the victim out two or three times. One of the prospective witnesses also told the investigator that he had been told that the victim had a "loose reputation."

Using the investigator's affidavit as an offer of proof, the

defendant sought a hearing to establish admissibility of the evidence on the issue of consent, pursuant to the so–called "rape shield law":

(2) Evidence of the victim's past sexual behavior including but not limited to the victim's marital history, divorce history, or general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards is inadmissible on the issue of credibility and is inadmissible to prove the victim's consent except as provided in subsection (3) of this section, . . .

(3) . . . evidence of the victim's past sexual behavior . . . is not admissible if offered to attack the credibility of the victim and is admissible on the issue of consent only pursuant to the following procedure:

(a) A written pretrial motion shall be made by the defendant to the court and prosecutor stating that the defense has an offer of proof of the relevancy of evidence of the past sexual behavior of the victim proposed to be presented and its relevancy on the issue of the consent of the victim.

. . .

(c) If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, . . .

(d) At the conclusion of the hearing, if the court finds that the evidence proposed . . . is relevant to the issue of the victim's consent; is not inadmissible because its probative value is substantially outweighed by the probability that its admission will create a substantial danger of undue prejudice; and that its exclusion would result in denial of substantial justice to the defendant; the court shall make an order stating what evidence may be introduced by the defendant, . . .

RCW 9A.44.020.

The court denied the admission of the evidence suggested by the offer of proof on grounds that it was not relevant. Defendant claims that the court in its ruling violated his Sixth Amendment right to cross–examination and confrontation of witnesses. The defendant relies upon several United States Supreme Court decisions that mandate admission of relevant evidence favorable to the defendant. *Davis v. Alaska,* 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct.

1105 (1974) (impeachment evidence to show bias); *Chambers v. Mississippi,* 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038 (1973) (a third party confession that exculpated the defendant); *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957) (identity of an informant). Normally, however, evidence of a rape victims's prior sexual history is not relevant. In a comprehensive analysis of the rape shield law written shortly after the statute was passed, the comment was appropriately made:

> Only in the extreme case of the indiscriminately promiscuous woman can it be argued that past sexual behavior with third persons is even minimally relevant to consent. *Chambers* and *Davis* involve facts which made the excluded evidence highly relevant to a material issue; therefore, neither case is apposite when applied to the exclusion of sexual history to prove consent.

52 Wash. L. Rev. 1011, 1034 (1977). *See State v. Geer,* 13 Wn. App. 71, 73, 533 P.2d 389 (1975) (evidence excluded as not relevant to consent); *State v. Blum,* 17 Wn. App. 37, 46, 561 P.2d 226 (1977) (evidence excluded as not relevant to consent); *State v. Cosden,* 18 Wn. App. 213, 568 P.2d 802 (1977), *cert. denied,* 439 U.S. 823, 58 L. Ed. 2d 115, 99 S. Ct. 90 (1978) (evidence admitted relevant to the issue of whether or not intercourse occurred); *State v. Saraceno,* 23 Wn. App. 473, 596 P.2d 297 (1979) (evidence excluded as not relevant to consent); *State v. Hudlow,* 30 Wn. App. 503, 635 P.2d 1096 (1981); Tanford & Bocchino, *Rape Victim Shield Laws and the Sixth Amendment,* 128 U. Pa. L. Rev. 544, 578 (1980). Case law in Washington prior to enactment of the statute also held that specific acts of sexual misconduct on the part of the prosecutrix were not relevant on the issue of consent, and any relevancy that may exist is outweighed by its inflammatory effect. *State v. Geer, supra* at 73–74.

▪ The facts of this case are to be distinguished from those in *State v. Hudlow, supra,* where the trial court found that the evidence was relevant on the issue of consent. The *Hudlow* decision found that the trial court had

abused its discretion in refusing relevant evidence. The *Hudlow* court noted that the case before it presented an exceptional situation where the victim's reputation was relevant on the issue of consent. In the instant case, no such relevance exists. The trial court did not abuse its discretion in excluding the victim's prior sexual history. Because the evidence excluded was not relevant, we find it unnecessary to reach any constitutional issues that may be implicit in the wording of the statute.

The defendant next argues that because his closing argument was limited to 30 minutes, he was deprived of his Sixth Amendment right to effective assistance of counsel. The trial court has wide discretion in determining the time allowable for argument. *State v. Willis,* 37 Wn.2d 274, 280, 223 P.2d 453 (1950). The trial took less than 2½ days and the defendant has not specifically identified any issues he was not permitted to address. Absent a showing of abuse, the trial court's limitation was not error. *State v. Jack,* 63 Wn.2d 632, 638, 388 P.2d 566 (1964).

The defendant further contends that the trial court erred by sustaining the prosecutor's objections made during closing argument and by reminding defense counsel that 5 minutes of argument remained. In the course of her rulings, the trial judge made no inflammatory or prejudicial remarks which discredited defense counsel, as in the case relied upon by defendant, *State v. Collins,* 66 Wn.2d 71, 400 P.2d 793 (1965). Nor does it appear that the trial court abused its discretion by directing the scope of closing argument to ensure orderly conduct of the trial. *State v. Fateley,* 18 Wn. App. 99, 109, 566 P.2d 959 (1977). Absent a showing of abuse resulting from the limitation in scope of the defense counsel argument, the trial court's rulings will be upheld. *Id.* at 110.

The last issue concerns the fact that one of the jurors owned a small sports car similar to the one in which the rape took place. The juror admitted examining his car and reporting to the other jurors that he believed the sexual acts could have occurred despite the small size of the vehi-

cle. The defendant complains that the juror's out–of–court observation amounted to an experiment, and facts not in evidence were thereby brought into jury deliberation.

 Whether sexual intercourse took place in defendant's car was not disputed; both the victim and the defendant testified to that fact. Therefore, assuming only for the purpose of argument that the juror's conduct amounted to an out–of–court experiment, such misconduct could not have affected the verdict because it dealt with an undisputed issue. *Ryan v. Westgard,* 12 Wn. App. 500, 503, 530 P.2d 687 (1975). Determination of juror misconduct is within the sound discretion of the trial judge and will not be disturbed absent a showing of abuse. *State v. Young,* 89 Wn.2d 613, 630, 574 P.2d 1171, *cert. denied,* 439 U.S. 870, 58 L. Ed. 2d 182, 99 S. Ct. 200 (1978).

Affirmed.

ANDERSEN, C.J., and DURHAM, J., concur.

DURHAM, J. (concurring)—I concur in the majority's conclusion that the evidence of prior sexual history is not relevant to the facts here. Nonetheless, I share the concern expressed in *State v. Hudlow,* 30 Wn. App. 503, 635 P.2d 1096 (1981), and raised here as to constitutional ramifications of the rape victim shield statute.

Reconsideration denied March 9, 1982.

Review denied by Supreme Court May 26, 1982.