# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75233-2-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS AVALOS, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: August 8, 2016 |
| | ) | |

Cox, J. — Carlos Avalos appeals his judgment and sentence based on his conviction of second-degree assault. The trial court did not abuse its discretion by limiting closing argument for each side to about 30 minutes. There was no prosecutorial misconduct. The court properly exercised its discretion in determining the amount of restitution. But the court failed to determine whether prior juvenile adjudications constituted the same criminal conduct for sentencing purposes in this case. We affirm, in part, vacate in part, and remand for resentencing.

The State charged Avalos with first-degree assault and sought sentencing enhancements for use of a deadly weapon and an egregious lack of remorse. The charges were based on an incident involving a correctional officer at the

facility where Avalos is incarcerated. At trial, the court also instructed the jury on the lesser included offenses of second-degree assault and custodial assault.

The jury found Avalos guilty only of second-degree assault. It determined that he was not armed with a deadly weapon and did not display an egregious lack of remorse.

The trial court sentenced Avalos, but did not determine whether his prior juvenile adjudications constituted the same criminal conduct in calculating his offender score. The court also ordered him to pay restitution to the correctional officer and the Department of Labor and Industries, which had paid the officer's time-loss and medical benefits.

Avalos appeals.

## CLOSING ARGUMENT

Avalos argues that the trial court abused its discretion by limiting his closing argument to 30 minutes. We disagree.

Under the Sixth Amendment, defendants have a right to present a closing argument to the jury.[1] But the trial court has broad discretion to limit the duration of closing argument.[2]

In State v. Cecotti, James Cecotti argued that the trial court violated his Sixth Amendment rights by limiting his closing argument to 30 minutes.[3] This court disagreed, noting that the trial took less than three days and Cecotti did

---

[1] Herring v. New York, 422 U.S. 853, 858, 95 S. Ct. 2550, 45 L. Ed. 2d 593 (1975).

[2] Id. at 862; State v. Jack, 63 Wn.2d 632, 638-39, 388 P.2d 566 (1964).

[3] 31 Wn. App. 179, 183, 639 P.2d 243 (1982).

"not specifically identif[y] any issues he was not permitted to address" in closing argument.[4] Thus, the trial court did not abuse its discretion in limiting closing argument to 30 minutes.[5]

Similarly, in State v. Jack, the supreme court held that the trial court did not abuse its discretion by limiting each of three defendants to 20 minutes of closing argument for a total of 60 minutes.[6] The court noted that the case was "not particularly complicated, either from the standpoint of the state or the defense."[7]

Here, based on the factors considered in these two cases, we conclude that this trial court did not abuse its discretion by limiting the closing argument of each side to about 30 minutes. The presentation of evidence in this case lasted less than three days. In his briefing on appeal, Avalos does not "specifically identif[y] any issues he was not permitted to address" in closing argument.[8]

At oral argument of this case, however, Avalos argued that he had inadequate time to address custodial assault. After our review of the record, we simply disagree with that argument.

This case was not overly complex—Avalos was charged only with first-degree assault and allegations for sentencing enhancement. During his

---

[4] Id.

[5] Id.

[6] 63 Wn.2d 632, 638-39, 388 P.2d 566 (1964).

[7] Id.

[8] Cecotti, 31 Wn. App. at 183.

testimony, Avalos admitted to sharpening a piece of metal and using it to attack the correctional officer. Accordingly, the issues before the jury included whether the State had proven either degree of assault or a lesser crime that Avalos committed, whether the piece of metal was a deadly weapon, and whether he displayed an egregious lack of remorse. Thus, applying the relevant factors, we conclude the trial court did not abuse its discretion by limiting the defense's closing argument to about 30 minutes.

Avalos relies on State v. Willis[9] to argue that the court abused its discretion by limiting the duration of closing argument. That reliance is misplaced.

First, the supreme court decided Willis on other grounds and "f[ou]nd it unnecessary to discuss this subject as the question [wa]s not likely to arise again upon the next trial."[10] Accordingly, any discussion on the duration of closing argument is not binding precedent.

Second, while the supreme court expressed disapproval of the limitation of closing argument in that case, it did not explain why. It merely stated it was "impressed with the contention of counsel . . . [that] his allotted time for argument was too limited."[11] Because each case has different facts, we see no reason to extend that brief comment in that case to this one.

---

[9] 37 Wn.2d 274, 223 P.2d 453 (1950).

[10] Id. at 280.

[11] Id. at 281.

Avalos also argues that the trial court had not previously informed counsel that closing argument would be limited to 30 minutes per side. But Avalos's citation to the record does not support this proposition. And nothing in the record indicates that defense counsel was unaware prior to closing argument that it would be limited to 30 minutes.

## PROSECUTORIAL MISCONDUCT

Avalos argues that the prosecutor committed misconduct during closing argument. We hold there was no such misconduct.

To prevail on a claim of prosecutorial misconduct, the defense must establish that the prosecutor's conduct was both improper and prejudicial.[12] It is generally improper for the prosecutor to call the defendant a "liar."[13] It is also improper for the prosecutor to express a personal opinion about the defendant's guilt.[14]

During closing argument, prosecutors have wide latitude to draw and express reasonable inferences from the evidence.[15] Thus, a prosecutor may argue that the defendant was not truthful "because his testimony conflicted with that of other witnesses."[16] Similarly, a prosecutor may argue that the evidence

---

[12] State v. Emery, 174 Wn.2d 741, 756-59, 278 P.3d 653 (2012).

[13] See, e.g., State v. Monday, 171 Wn.2d 667, 677, 257 P.3d 551 (2011); State v. Reed, 102 Wn.2d 140, 145-46, 684 P.2d 699 (1984).

[14] State v. McKenzie, 157 Wn.2d 44, 53, 134 P.3d 221 (2006).

[15] In re Yates, 177 Wn.2d 1, 58, 296 P.3d 872 (2013).

[16] State v. Copeland, 130 Wn.2d 244, 292, 922 P.2d 1304 (1996).

shows that the defendant is guilty.[17] "[T]here is a distinction between the individual opinion of the prosecuting attorney, as an independent fact, and an opinion based upon or deduced from the testimony in the case."[18] It is only the prosecutor's personal opinion that may not be expressed.

To determine whether a prosecutor improperly expressed a personal opinion, we review the argument in context.[19]

> "It is not uncommon for statements to be made in final arguments which, standing alone, sound like an expression of personal opinion. However, when judged in the light of the total argument, the issues in the case, the evidence discussed during the argument, and the court's instructions, it is usually apparent that counsel is trying to convince the jury of certain ultimate facts and conclusions to be drawn from the evidence. Prejudicial error does not occur until such time as it is clear and unmistakable that counsel is not arguing an inference from the evidence, but is expressing a personal opinion."[20]

Here, the prosecutor did not commit misconduct. The prosecutor summarized Avalos's testimony about his altercation with the correctional officer and stated that most of it "ma[de] quite a bit of sense, except for one thing."[21] The prosecutor continued, "One thing that [Avalos] kept repeating that is absolute nonsense, that is absolutely 100 percent not true and you know what that thing

---

[17] McKenzie, 157 Wn.2d at 53.

[18] Id. (emphasis omitted) (quoting State v. Armstrong, 37 Wash. 51, 54-55, 79 P. 490 (1905)).

[19] Id.

[20] Id. at 53-54 (quoting State v. Papadopoulos, 34 Wn. App. 397, 400, 662 P.2d 59 (1983)).

[21] Report of Proceedings (February 12, 2015) at 564.

was? I bet you can guess what that thing was, I didn't intend to kill, I only intended to inflict minor injuries."[22]

At that point, Avalos objected, and the court sustained the objection.[23] When the prosecutor continued after the objection, he argued:

> Those answers repeated, I did not intend to kill, I only intended to inflict minor wounds, minor injuries, robotically repeated several times during the testimony. Well, it's your job to determine whether or not that makes any sense in light of the rest of the evidence that you heard. Whether or not that makes any sense in light of the actions that Mr. Avalos does admit to, grinding a sharpened piece of metal, sneaking up behind somebody and jamming it repeatedly into the back of their neck. Do those statements, I did not intend to kill, I only intended to inflict minor injuries, make any sense at all when you think about what was going on? The State believes that the evidence shows that those statements don't make any sense.[24]

Here, the prosecutor's argument was not improper. The prosecutor did not call Avalos a "liar," but rather stated that his testimony was not true. Before the objection, it was not "clear and unmistakable" that the prosecutor was expressing a personal opinion rather than asking the jury to draw an inference from the evidence. And after the objection, the prosecutor's arguments were permissible inferences from the evidence.

Moreover, even if the prosecutor's comments were improper, Avalos cannot establish that he was prejudiced. When a defendant successfully objects

---

[22] Id.

[23] Id. at 564-65.

[24] Id. at 568.

to improper argument, we consider "whether there was a substantial likelihood that the statements affected the jury."[25]

In this case, the court gave curative instructions to the jury immediately after the prosecutor's statement. The court instructed the jury that:

> As I indicated in one of the earlier instructions the argument and comments of attorneys are not evidence for you to consider in terms of determining what the evidence shows. You folks are the sole determiner of what's true and not true, so I want to impress upon the jury that that's exclusively your province.[26]

At Avalos's request, the court further instructed the jury that:

> Expressions of opinions, I think that's included within the comment with regard to any comments from attorneys in their argument[,] are not evidence. So, should an attorney express an opinion as to that attorney's belief in what the evidence is, [it] is to be disregarded. You are to look at the evidence independently in the jury room and your own conclusions of the value of that evidence, if any.[27]

We presume that the jury follows the court's instructions.[28] Here, the trial court's curative instructions immediately after the allegedly improper statement cured any prejudice. The court clearly instructed the jury that it alone was to determine credibility and to disregard an attorney's expressed opinion. This was sufficient to cure any prejudice arising from the prosecutor's isolated statement.

At oral argument of this case, Avalos advanced a modified argument for the first time. He contended that there was no basis for the prosecutor to

---

[25] State v. Anderson, 153 Wn. App. 417, 427, 220 P.3d 1273 (2009).

[26] Report of Proceedings (February 12, 2015) at 567.

[27] Id. at 567-68.

[28] Anderson, 153 Wn. App. at 428.

challenge his credibility during closing. We disagree. Nothing the prosecutor said during closing was outside the bounds of legitimate closing argument.

## SENTENCE

Avalos argues that the trial court improperly calculated his offender score. Because the State properly concedes that the court failed to consider whether Avalos's two prior juvenile offenses constituted the same criminal conduct, we vacate this sentence and remand for resentencing.

Courts calculate a defendant's offender score under RCW 9.94A.525. RCW 9.94A.525(5)(a)(i) requires the sentencing court to determine whether "prior juvenile offenses for which sentences were served consecutively" constitute the same criminal conduct and thus should count as one offense.

In 2004, as a juvenile, Avalos pleaded guilty to one count of burglary and one count of theft. He received consecutive community supervision adjudications for these offenses. In the sentence, the juvenile court did not mark the box indicating that both offenses were part of the "same course of conduct."

Here, the sentencing court did not determine whether Avalos's prior juvenile adjudications constituted the same criminal conduct. Instead, the court relied on the fact that the juvenile court had failed to find that the two offenses were part of the "same course of conduct." This was an abuse of discretion.

Under RCW 9.94A.525(5)(a)(i)'s plain terms, the "current sentencing court shall determine" whether these prior juvenile offenses constitute the same criminal conduct. Thus, the sentencing court was required to determine whether Avalos's prior juvenile offenses were the same criminal conduct.

The State properly concedes that RCW 9.94A.525(5)(a)(i) requires the court to make this inquiry, and that the court did not do so in this case. Accordingly, we vacate the sentence and remand for resentencing so that the trial court may determine whether Avalos's juvenile adjudications constituted the same criminal conduct for sentencing purposes.

## RESTITUTION

Avalos argues that the sentencing court abused its discretion when it determined the amount of restitution. We disagree.

RCW 9.94A.753(5) requires sentencing courts to order restitution in certain circumstances. Avalos does not dispute that the court properly ordered him to pay restitution. He disputes only the amount of the restitution.

We review for abuse of discretion the amount of a restitution award.[29]

The amount of restitution must be "based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury."[30]

Here, the sentencing court ordered Avalos to pay restitution to two victims: $3,391.54 to the correctional officer, and $45,984.81 to the Department of Labor and Industries. The restitution to the Department of Labor and Industries was based on the amount of "time loss and medical benefits" it paid to the officer. The amount of restitution paid to the officer was based on costs incurred in traveling to medical appointments for the injuries he incurred during the assault

---

[29] State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008).

[30] RCW 9.94A.753(3).

and the additional wages the officer would have received if he chose to work on certain paid holidays. The officer provided a declaration stating that he would have worked on those holidays if he had not been injured.

Avalos argued that the court should not have awarded restitution to the officer. He argued that any damages that the officer incurred were offset by the expenses he saved in not having to commute to work while he was injured. Thus, because the officer received essentially the same salary while incurring fewer expenses, the officer received a windfall offsetting any additional damages that he incurred.

The trial court rejected this argument and awarded the officer restitution for the damages previously described. This was not an abuse of discretion. The $3,391.54 to the correctional officer was for lost wages and expenses incurred in the treatment of his injuries. And $45,984.81 to the Department of Labor and Industries was based on the time-loss and medical benefits it paid because of the officer's injury. Thus, the trial court's award complied with RCW 9.94A.753. And Avalos did not cite any law indicating that the type of offset he sought was appropriate.

On appeal, Avalos argues that the trial court ordered erroneously awarded the officer travel expenses that he did not incur. But Avalos misunderstands the court's order. The court ordered restitution to the Department of Labor and Industries for the amount it paid to the officer and for the officer's medical treatment. And it ordered restitution to the officer for the damages that he incurred in traveling to medical appointments and losing the opportunity to earn

extra pay by working on holidays. The trial court merely declined to offset the award to the officer by the amount that Avalos claimed the officer saved by not having to commute to work. The trial court did not order Avalos to pay the officer for the expenses that he did not incur. Thus, this argument is unpersuasive.

We affirm the conviction, vacate the sentence for the reasons explained, and remand for resentencing. We also affirm the restitution order.

_Cox, J._

WE CONCUR:

_Trickey, ACJ_

_Verellen J._