# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49996-7-II |
| Respondent, | |
| v. | |
| CHARLES DONALD MOORE, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Charles Donald Moore appeals his convictions for second degree robbery and third degree assault, arguing that these two convictions violate the prohibition against double jeopardy. The State concedes error on this issue. Moore also raises several issues in his statement of additional grounds (SAG) for review, but he identifies no reversible error. We accept the State's concession, vacate Moore's third degree assault conviction, and remand for resentencing.

## FACTS

On April 19, 2016, Moore entered a home improvement store and picked up a large tool kit. Scott Patronaggio, a loss prevention manager at the store, followed Moore throughout the store. Moore exited the store without paying for the tool kit. Once outside, Patronaggio contacted Moore and grabbed the tool kit. Moore punched Patronaggio in the chest. Patronaggio let go of the tool kit, and Moore fled on foot.

No. 49996-7-II

The State charged Moore with second degree robbery,[1] third degree assault,[2] and third degree theft.[3] At trial, witnesses testified to the above facts. The jury found Moore guilty of both second degree robbery and third degree assault.[4] Moore appeals.

ANALYSIS

Moore argues that his second degree robbery and third degree assault convictions violate double jeopardy under the merger doctrine because the third degree assault was necessary to elevate his theft of the tool kit to second degree robbery. The State concedes error. We accept the State's concession.

We review double jeopardy claims de novo. *State v. Freeman*, 153 Wn.2d 765, 770, 108 P.3d 753 (2005). Double jeopardy prohibits multiple convictions for the same offense. 153 Wn.2d at 770. A determination of whether a defendant's double jeopardy rights were violated turns on whether the legislature intended for the charged crimes to constitute the same offense. 153 Wn.2d at 771. "If the legislature authorized cumulative punishments for both crimes, then double jeopardy is not offended." 153 Wn.2d at 771.

The merger doctrine is a rule of statutory construction that provides a basis for discerning legislative intent. *See State v. Knight*, 176 Wn. App. 936, 952, 309 P.3d 776 (2013). The merger doctrine applies

---

[1] RCW 9A.56.190, .210(1).

[2] RCW 9A.36.031(1)(a).

[3] RCW 9A.56.050(1).

[4] The jury also found Moore guilty of third degree theft. This conviction is not at issue in this appeal.

 "where the Legislature has clearly indicated that in order to prove a particular degree of crime (*e.g.*, first degree rape) the State must prove not only that a defendant committed that crime (*e.g.*, rape) but that the crime was accompanied by an act which is defined as a crime elsewhere in the criminal statutes (*e.g.*, assault or kidnapping)."

*Freeman*, 153 Wn.2d at 777-78 (quoting *State v. Vladovic*, 99 Wn.2d 413, 420-21, 662 P.2d 853 (1983)). The proper remedy for a double jeopardy violation is to vacate the lesser offense. *See* 153 Wn.2d at 772-73.

In *Freeman*, the Supreme Court considered whether, in the consolidated case of *State v. Zumwalt*, 153 Wn.2d 765, 108 P.3d 753 (2005), a first degree robbery conviction and a second degree assault conviction merge. 153 Wn.2d at 771. The defendant punched the victim in the face and robbed her. 153 Wn.2d at 770. The court concluded that there is "no evidence that the legislature intended to punish second degree assault separately from first degree robbery when the assault facilitates the robbery." 153 Wn.2d at 776. The merger doctrine applied because the defendant's assault charge was based on the defendant's infliction of bodily harm, and in order to prove first degree robbery, the State had to prove the same harm was committed in furtherance of the robbery. 153 Wn.2d at 778. Additionally, the court noted there was no evidence to suggest that the infliction of bodily harm had an independent purpose other than to facilitate the robbery. 153 Wn.2d at 779.

Here, Moore was convicted of second degree robbery because he took personal property from Patronaggio by using immediate force in punching Patronaggio in the chest. The applicable second degree robbery statute required the State to prove that Moore engaged in the conduct constituting an assault in order to prove second degree robbery. RCW 9A.56.190 (defining robbery); RCW 9A.56.210 (defining second degree robbery); RCW 9A.36.031

3

(defining third degree assault). Analogous to the Zumwalt defendant in *Freeman*, Moore's

assault charge was based on the use of force, and the State had to prove the same force was

committed in furtherance of the robbery in order to prove second degree robbery. As a result,

proof of the assault fulfilled an element necessary to prove Moore committed second degree

robbery instead of theft. Moreover, the evidence at trial established that the assault on

Patronaggio had no purpose other than to further the theft of the tool kit. Accordingly, Moore's

third degree assault conviction merges with his second degree robbery conviction, and his

convictions violate the double jeopardy prohibition. Thus, we accept the State's concession,

vacate Moore's third degree assault conviction, and remand for resentencing.[5]

### STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Moore contends that (1) the trial court erred in failing to provide a lesser

included jury instruction for second degree robbery, (2) the trial court erred in admitting video

evidence under ER 404(b), and (3) the prosecutor committed misconduct. Moore's claims lack

merit.

### I. LESSER INCLUDED JURY INSTRUCTION

Moore contends that the trial court erred by failing to provide a lesser included jury

instruction for second degree robbery. We do not review Moore's claim.

Generally, we will not review an issue raised for the first time on appeal. RAP 2.5(a).

However, a defendant may raise an objection not properly preserved at trial if it is a manifest

---

[5] Moore also argues that the trial court miscalculated his offender score because his second degree robbery and third degree assault convictions were the same criminal conduct. Because we vacate Moore's third degree assault conviction and remand for resentencing, we do not reach this issue.

constitutional error. RAP 2.5(a)(3); *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009).

The failure to instruct on a lesser included offense is not a manifest constitutional error. *O'Hara*, 167 Wn.2d at 101.

At trial, Moore did not request a lesser included jury instruction for second degree robbery, and he did not object to the trial court's jury instructions on this basis. Because failing to provide a lesser included jury instruction does not constitute a manifest constitutional error, we do not review Moore's claim.

## II. ADMISSION OF VIDEO EVIDENCE

Moore also contends that the trial court erred by admitting video evidence of him leaving the store with the tool kit because the video was improper character evidence under ER 404(b). We do not review Moore's claim.

We do not review issues that are not raised in the trial court. RAP 2.5(a). A party objecting to the admission of evidence must make a timely and specific objection at trial unless the error constitutes manifest constitutional error. RAP 2.5(a)(3); *State v. Powell*, 166 Wn.2d 73, 82, 206 P.3d 321 (2009). "An evidentiary error, such as erroneous admission of ER 404(b) evidence, is not of constitutional magnitude." *Powell*, 166 Wn.2d at 84.

At trial, the court admitted a video that showed Moore leaving the store without paying for the tool kit. Moore did not object. Because Moore did not object to the admission of the video at trial, and the erroneous admission of ER 404(b) evidence is not of constitutional magnitude, we do not review this claim.

No. 49996-7-II

## III. PROSECUTORIAL MISCONDUCT

Moore contends that the prosecutor committed misconduct by (1) misstating the law regarding the State's burden of proof, (2) arguing facts not in evidence, and (3) stating a personal opinion regarding Moore's guilt. Moore's claims lack merit.

To establish prosecutorial misconduct, a defendant bears the burden of proving the prosecutor's conduct was both improper and prejudicial. *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). If a defendant fails to meet either burden, his claim fails. *State v. Emery*, 174 Wn.2d 741, 759-61, 278 P.3d 653 (2012).

A.      *Misstating the Law*

Moore contends that the prosecutor committed misconduct by misstating the burden of proof in closing argument when the prosecutor said that the State's burden was to prove the case beyond *a* reasonable doubt. Specifically, Moore claims that the proper burden of proof is beyond *any* reasonable doubt. Moore's claim lacks merit.

A prosecutor misstates the law when his or her arguments "shift or misstate the State's burden to prove the defendant's guilt beyond a reasonable doubt." *State v. Lindsay*, 180 Wn.2d 423, 434, 326 P.3d 125 (2014).

During closing argument, the prosecutor stated:

> In order for you to return a verdict of guilty as to those counts, you must unanimously agree that the State has proved each and every element of each crime charged beyond a reasonable doubt. You know from the instructions and what the court has told you that it is the State's burden in this case . . . to prove the case beyond a reasonable doubt.

3 Verbatim Report of Proceedings (VRP) at 182. Moore did not object.

6

The prosecutor's argument did not shift or misstate the State's burden of proof. Any distinction between "beyond a reasonable doubt" and "beyond any reasonable doubt" lacks practical effect because the phrases are used interchangeably. *See, e.g.*, *State v. Warren*, 165 Wn.2d 17, 26-27, 195 P.3d 940 (2008). As a result, Moore fails to show that the prosecutor's argument was improper by misstating the law. Thus, Moore's claim lacks merit.

B.      *Arguing Facts Not in Evidence*

Moore also contends that the prosecutor committed misconduct by arguing facts not in evidence when the prosecutor described the degree of force Moore used against Patronaggio. We disagree.

A prosecutor is permitted wide latitude in making arguments to the jury and may draw reasonable inferences from the evidence. *State v. Fisher*, 165 Wn.2d 727, 747, 202 P.3d 937 (2009).

At trial, Patronaggio testified that Moore punched him with enough force to back him up and cause him to let go of the tool kit. Patronaggio noted that "[Moore] did make contact, but it was more of a shock at that point." 2 VRP at 127. Patronaggio also testified that he was 6'4". During closing argument, the prosecutor said, "[Moore] intentionally struck Scott Patronaggio. . . . It was done with enough of a level of force that it stunned Mr. Patronaggio, who is a big buy. He said that he is six-four. It was a definite level of force." 3 VRP at 192.

Patronaggio testified that he was shocked when Moore punched him in the chest and that the punch caused him to let go of the tool kit. It is a reasonable inference to draw from this testimony that Moore struck Patronaggio with enough force to stun him. Accordingly, Moore fails to show that the prosecutor's statement was improper. Thus, Moore's claim lacks merit.

C.        *Stating a Personal Opinion Regarding Moore's Guilt*

Moore contends that the prosecutor committed misconduct by impermissibly expressing her personal opinion about his guilt during closing argument. We disagree.

A prosecutor may not express a personal opinion regarding the defendant's guilt. *State v. McKenzie*, 157 Wn.2d 44, 53, 134 P.3d 221 (2006). However, a prosecutor may argue from the facts presented at trial that the defendant is guilty. 157 Wn.2d at 53. "'In other words, there is a distinction between *the individual opinion of the prosecuting attorney, as an independent fact*, and *an opinion based upon or deduced from the testimony in the case*.'" 157 Wn.2d at 53 (alteration in original) (quoting *State v. Armstrong*, 37 Wash. 51, 54-55, 79 P. 490 (1905)).

The prosecutor stated in closing argument:

> What is clear, as I have gone through the evidence, and I will summarize, again . . . is that when you consider all of the evidence that the State has been presented and you go through your evaluation of the exhibits, of the testimony, of the video, you will, in fact, find that the State has met its burden to each crime and should return a verdict of guilty as to each crime.

3 VRP at 200.

The prosecutor's statement does not amount to a personal opinion on Moore's guilt because the prosecutor did not state her individual opinion. Instead, the prosecutor argued that Moore was guilty based on the evidence and deductions that could be made from that evidence. As a result, Moore fails to show that the prosecutor's statement was improper. Thus, his claim lacks merit.

CONCLUSION

We accept the State's concession, vacate Moore's third degree assault conviction, and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, C.J.

_____
Melnick, J.